NORMAN J. WATKINS – SBN 87327
nwatkins@lynberg.com
S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

ATTORNEYS FOR DEFENDANTS COUNTY OF ORANGE, ORANGE
COUNTY SHERIFF'S DEPARTMENT, DEPUTY RENZI, DEPUTY FAOUR,
AND DEPUTY KOCHER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| XAVIER HERMOSILLO, an individual; OLGA HERMOSILLO, an individual and as Successor in Interest for Decedent, LUIS HERMOSILLO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; DEPUTY RENZI, an individual, DEPUTY FAOUR, an individual, DEPUTY KOCHER, an individual, and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. 8:20-cv-01387-JVS-(ADSx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JESSE K. COX; EXHIBITS; [PROPOSED] ORDER**<br><br>Date: September 14, 2020<br>Time: 1:30 p.m.<br>Courtroom: 10C<br><br>Action Filed: July 30, 2020<br><br>Trial Date:  Not Scheduled |

1
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OR RECORD:**

**PLEASE TAKE NOTICE** that on September 14, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California, 92701, Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY RENZI, DEPUTY FAOUR, and DEPUTY KOCHER (collectively, "Defendants") will, and hereby do, move this Court for an order dismissing Plaintiffs XAVIER HERMOSILLO and OLGA HERMOSILLO'S ( collectively, "Plaintiffs") Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), and/or for a more definite statement pursuant to Fed. R. Civ. Proc. 8 and 12(e).

Defendants bring this Motion on each of the following grounds:

1.     Plaintiff's entire case against the Orange County Sheriff's Department must be dismissed because the Sheriff's Department is not a suable entity.  See, Fed. R. Civ. Proc. 12(b)(6); see also, United States v. Kama, 394 F.3d 1236, 1239-1240 (9th Cir. 2005); Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992); Moles v. County of Linn, 2004 WL 1490324, at *4 (D. Or. 2004); accord Vallas v. City of Chula Vista, 56 Cal.App.3d 382, 387-388 (1976).

2.     Plaintiff Xavier Hermosillo's entire case against Defendants should be dismissed because Plaintiff lacks standing to sue for "Violation of Due Process," "Municipal Liability," and "Violation of Civil Code § 52.1," and because his purported state claim for "Negligent Infliction of Emotional Distress" is not a cognizable cause of action.  See, Fed. R. Civ. Proc. 12(b)(6).

3.     Plaintiff Olga Hermosillo's First, Second, Third, Fourth Fifth, and Seventh Causes of Action as a "Successor in Interest to Luis Hermosillo" must be dismissed because Plaintiff does not have standing to pursue these "survivorship" claims.  See, Fed. R. Civ. Proc. 12(b)(6); see also, Wishum v. California, 2014 WL

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

1  3738067, at *2 (N.D. Cal., 2014); <u>Moreland v. Las Vegas Metro. Police Dep't</u>, 159

2  F.3d 365, 369 (9th Cir.1998); <u>Code of Civil Procedure</u> §§ 377.30, 377.32.

3      4.    Plaintiff Olga Hermosillo's First Cause of Action for "Violation of

4  Civil Rights Under Color of Law (42 U.S.C. § 1983)" fails to state a claim upon

5  which relief can be granted against any Defendant.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6).

6      5.    Plaintiff Olga Hermosillo's Second Cause of action for "Violation of

7  Substantive Due Process (42 U.S.C. § 1983)" fails to state a claim upon which relief

8  can be granted against any Defendant.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6);

9      6.    Plaintiff Olga Hermosillo's Third Cause of Action for "Municipal

10  Liability for Unconstitutional Custom or Policy – (42 U.S.C. § 1983)" fails to state a

11  claim upon which relief can be granted against the County of Orange or the Orange

12  County Sheriff's Department.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6); <u>see also</u>, <u>A.E. ex rel.</u>

13  <u>Hernandez v. Cty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012); <u>Herd v. County of</u>

14  <u>San Bernardino</u>, 311 F.Supp.3d 1157, 1168 (C.D. Cal. 2018); <u>Maldonado v. County</u>

15  <u>of Orange</u>, 2019 WL 6139937, at *2 (C.D. Cal. 2019); <u>Moore v. County of Orange</u>,

16  Case No. 8:17-cv-01024-JVS-(JCG), 2017 WL 10518114, at *3 (C.D. Cal. 2017);

17  <u>Wilkey v. County of Orange</u>, 2017 WL 11447980, at * (C.D. Cal. 2017);

18      7.    Plaintiff Olga Hermosillo's Fifth Cause of Action for "Wrongful

19  Death/Survival Based on Negligence (Including Negligent Tactics)" fails to state a

20  claim upon which relief can be granted.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6).

21      8.    Plaintiff Olga Hermosillo's Sixth Cause of Action for "Negligent

22  Infliction of Emotional Distress" against the individual defendants fails to state a

23  claim upon which relief can be granted.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6).

24      9.    Plaintiff Olga Hermosillo's Seventh Cause of Action for "Violation of

25  The Section 52.1 of the California Civil Code (Bane Act Violations)" fails to state a

26  claim upon which relief can be granted against any Defendant.  <u>See</u>, <u>Fed. R. Civ.</u>

27  <u>Proc.</u> 12(b)(6);

28

**3**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

10.     Dismissal of Plaintiffs' entire Complaint is warranted because it engages in an impermissible "chain letter" and "shotgun" pleading style which lumps together claims and defendants, thus failing to fairly notify Defendants of the claims against them.  See, Fed. Rs. Civ. Proc. 8 and 12(e); see also, McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996); Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996); Rodrigues v. County of Orange, Case No. 8:20-cv-00298-JVS-(DFM), 2020 WL 3396619, at *3 (C.D. Cal. 2020).

Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Jesse K. Cox and the exhibits submitted therewith, Plaintiff's Complaint (Doc. No. 1-1, pgs. 2-26 of 50), and upon such other and further matters as may properly come before the Court.

This matter was removed to this Court on July 30, 2020.  (See, Notice of Removal of Civil Action Under 28 U.S.C. § 1441(b) (Federal Question Jurisdiction), Doc No. 1).  Shortly after effecting removal, Defense counsel sent meet and confer correspondence and attempted to engage with Plaintiff's counsel pursuant to Local Rule 7-3 regarding perceived deficiencies in Plaintiff's pleading.  (See, Defense Correspondence dated July 30, 2020, Exhibit "B," Declaration of Jesse K. Cox ("Cox Decl."), ¶ 4).  As of the date of the filing of this Motion, Defense counsel has not yet received a response from Plaintiffs' counsel expressing a willingness to voluntarily amend Plaintiff's Complaint.  (Cox Decl., ¶ 4).

DATED:  August 6, 2020               **LYNBERG & WATKINS**

By: _____
**NORMAN J. WATKINS**
**S. FRANK HARRELL**
**JESSE K. COX**
Attorneys for DEFENDANTS

**4**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**AND/OR FOR A MORE DEFINITE STATEMENT**

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................ 1

II. THE SHERIFF'S DEPARTMENT IS NOT A SUABLE ENTITY ..................................... 2

III. PLAINTIFF XAVIER'S ENTIRE CASE AGAINST DEFENDANTS SHOULD BE DISMISSED ................................................................................ 4

  A. Third Cause of Action for "Municipal Liability" (42 U.S.C. § 1983) ..................... 4

  B. Sixth Cause of Action for "Negligent Infliction of Emotional Distress" ................. 6

  C. Seventh Cause of Action for "Violation of Civil Code § 52.1" ............................ 7

IV. PLAINTIFF OLGA DOES NOT HAVE STANDING TO SUE AS A "SUCCESSOR IN INTEREST" ................................................................ 9

V. PLAINTIFF OLGA'S FIRST CAUSE OF ACTION FAILS ON THE MERITS ............... 9

  A. County of Orange ............................................................................ 10

  B. Orange County Sheriff's Department ............................................... 11

  C. Deputies Renzi, Faour, and Kocher .................................................. 12

VI. PLAINTIFF OLGA'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................ 14

  A. County of Orange ............................................................................ 14

  B. Orange County Sheriff's Department ............................................... 14

  C. Deputies Renzi, Faour, and Kocher .................................................. 15

VII. PLAINTIFF OLGA FAILS TO SUFFICIENTLY ALLEGE A CAUSE OF ACTION FOR "MUNICIPAL LIABILITY" ................................................ 16

VIII. PLAINTIFF OLGA'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................ 20

IX. PLAINTIFF OLGA'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................ 21

X. PLAINTIFF OLGA FAILS TO SUFFICIENTLY PLEAD A CAUSE OF ACTION FOR VIOLATION OF THE BANE ACT ................................... 21

XI. PLAINTIFFS' COMPLAINT FAILS TO PROVIDE FAIR NOTICE TO DEFENDANTS ............................................................................... 23

XII. CONCLUSION ................................................................................ 25

i

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

A.B. v. City of Santa Ana,
   2019 WL 1578380 (C.D. Cal. 2019) .................................................................passim

A.E. ex rel. Hernandez v. Cty. of Tulare,
   666 F.3d 631 (9th Cir. 2012) ..................................................................................3, 17

Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty Coll.,
   77 F.3d 364 (11th Cir. 1996) .............................................................................4, 23, 24

Armendariz v. Penman,
   75 F.3d 1311 (9th Cir. 1996) .......................................................................................10

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ....................................................................................12, 13, 17

Bay Area Rapid Transit Dist. v. Superior Court,
   38 Cal.App.4th 141 (1995) ......................................................................................8, 22

Bd. of Cty. Comm'rs v. Brown,
   520 U.S. 397, (1997) ...................................................................................................11

Bell Atl. Corp. v. Twombly,
   550 U.S. 544, (2007) ....................................................................................12, 13, 17

Bresaz v. County of Santa Clara,
   136 F.Supp.3d 1125 (N.D. Cal. 2015) ....................................................................8, 22

Christensen v. Superior Court,
   54 Cal.3d 868 (1991) .....................................................................................................7

Cochran v. Herzog Engraving Co.,
   155 Cal.App.3d 405 (1984) ...........................................................................................6

Cornell v. City of San Francisco,
   17 Cal.App.5th 766 (2017) .............................................................................................8

D.K. ex rel. G.M. v. Solano County Office of Educ.,
   667 F.Supp.2d 1184 (E.D. Cal. 2009) ....................................................................7, 20

Dean v. Barber,
   951 F.2d 1210 (11th Cir. 1992) .................................................................................2, 3

Dura Pharms., Inc. v. Broudo,
   544 U.S. 336 (2005) .....................................................................................................25

ii

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

*Estate of Crawley v. McRae*,
   2015 WL 5432787 (E.D. Cal. 2015) ................................................................. 5

*Gu v. BMW of N. Am., LLC*,
   132 Cal.App.4th 195 (2005) .................................................................... 7, 21

*Herd v. County of San Bernardino*,
   311 F.Supp.3d 1157 (C.D. Cal. 2018) .................................................. passim

*Hernandez v. County of Santa Clara*,
   2020 WL 3101041 (N.D. Cal. 2020) ........................................... 5, 10, 16

*Hufford v. McEnaney*,
   249 F.3d 1142 (9th Cir. 2001) .............................................................. 10, 14

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................... 17

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d (9th Cir. 1994) .............................................................................. 25

*Johnson v. Baca*,
   2013 WL 12131358 (C.D. Cal. 2013) ....................................................... 18

*Lass v. County of Orange*,
   Case No. SACV 08-01132-JVS-(ANx), 2009 WL 10687551 (C.D. Cal. 2009) ... 23

*Lehto v. City of Oxnard*,
   171 Cal.App.3d 285 (1985) ....................................................................... 21

*Maldonado v. County of Orange*,
   2019 WL 6139937 (C.D. Cal. 2019) ................................................... 3, 18

*Mason v. County of Orange*,
   251 F.R.D. 562 (C.D. Cal. 2008) ............................................................. 24

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) ........................................................ 4, 23, 24

*Moles v. County of Linn*,
   2004 WL 1490324 (D. Or. 2004) ........................................................... 2, 3

*Monell v. Dep't of Social Servs. of City of New York*,
   436 U.S. 658 (1978) ............................................................................... 4, 11

*Moore v. County of Orange*,
   Case No. 8:17-cv-01024-JVS-(JCG), 2017 WL 10518114 (C.D. Cal. 2017) .. 3, 17, 18, 23

*Moreland v. Las Vegas Metro. Police Dep't*,
   159 F.3d 365 (9th Cir.1998) .............................................................. 3, 6, 9

*Papasan v. Allain*,
   478 U.S. 265 (1986) .................................................................................. 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

Potter v. Firestone Tire & Rubber Co.,
   6 Cal.4th 965 (1993)................................................................................7

Ramsey v. City of Lake Elsinore,
   220 Cal.App.3d 1530 (1990)..............................................................6, 20

Reese v. Cty. of Sacramento,
   888 F.3d 1030 (9th Cir. 2018)............................................................8, 22

Rendon v. County of Orange,
   2019 WL 4284521 (C.D. Cal. 2019)..........................................13, 15, 18, 24

Rendon v. County of Orange,
   2020 WL 974940 (C.D. Cal. 2020)...........................................................13

Rodrigues v. County of Orange,
   Case No. 8:20-cv-00298-JVS-(DFM), 2020 WL 3396619 (C.D. Cal. 2020).passim

Searcy v. Hemet Unified School Dist.,
   177 Cal.App.3d 792 (1986)................................................................7, 20, 22

Sincerny v. City of Walnut Creek,
   2017 WL 4642432 (N.D. Cal. 2017)......................................................11, 14

Sloman v. City of Simi Valley,
   21 F.3d 1462 (9th Cir. 1994)................................................................19

Smith v. City of Fontana,
   818 F.2d 1411 (9th Cir. 1987)..................................................................4

Thompson v. City of Los Angeles,
   885 F.2d 1439 (9th Cir. 1989)................................................................19

Trevino v. Gates,
   99 F.3d 911 (9th Cir. 1996)..................................................................19

United States v. Kama,
   394 F.3d 1236 (9th Cir. 2005)...............................................................2, 3

Vallas v. City of Chula Vista,
   56 Cal.App.3d 382 (1976)...................................................................2, 3

Ward v. City of San Jose,
   967 F.2d 280 (9th Cir. 1992)..................................................................5

Wilkey v. County of Orange,
   2017 WL 11447980.........................................................................3, 17

Wishum v. California,
   2014 WL 3738067 (N.D. Cal., 2014).......................................................2, 6, 9

**iv**

Statutes

28 U.S.C. § 1331.................................................................................. 1, 26

28 U.S.C. § 1441(b) ................................................................................. 4

42 U.S.C. § 1983 .............................................................................passim

Code of Civil Procedure § 52.1 ......................................................passim

Code of Civil Procedure § 377.32 .......................................................... 6

Code of Civil Procedure § 377.32(a)....................................................... 6

Code of Civil Procedure §§ 377.30, 377.32 ........................................ 3, 9

Evidence Code § 200 .............................................................................. 3

Government Code § 811.2......................................................................... 3


Rules

Fed. R. Civ. Proc. 8 and 12(e) ............................................................ 2, 15

Fed. R. Civ. Proc. 8(a)(2) ...................................................................... 13

Fed. R. Civ. Proc. 12(b)(6) ...........................................................passim

Fed. R. Civ. Proc. 12 ............................................................................. 15

Fed. R. Civ. Proc. 12(e) ............................................................ 23, 24, 25

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Plaintiffs Xavier Hermosillo and Olga Hermosillo (collectively, "Plaintiffs") brings this civil action following an alleged officer-involved shooting that occurred on August 21, 2019, in Stanton, California.  According to Plaintiffs, Olga Hermosillo called for police assistance in response to her son, Decedent Luis Hermosillo ("Decedent"), "acting abnormal."  (See, Complaint, ¶ 19, Doc. No. 1-1, Exhibit "A").  Plaintiffs allege that Orange County Sheriff's Department Deputies Renzi, Faour, and Kocher responded to the call for service.  (See, Complaint, ¶ 20, Doc. No. 1-1, Exhibit "A").  Plaintiffs further allege the Deputies "entered the backyard of Plaintiffs' home," encountered Decedent and "fired a taser at Decedent without any verbal warnings."  (See, Complaint, ¶ 20, Doc. 1-1, Exhibit "A").  Plaintiffs claim that when Decedent "attempted to cut the taser wires with a small knife, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER," and unidentified "Doe" defendants "took out their guns and began to fire at Decedent, again without warning, shooting him dead."  (See, Complaint, ¶ 20, Doc. 1-1, Exhibit "A").  Plaintiffs allege Decedent "posed no threat to the life of safety of Defendants or anyone else," and that each Plaintiff "contemporaneously witnessed "DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and the "DOES" shoot Decedent.  (See, Complaint, ¶¶ 20, 21, Doc. No. 1-1, Exhibit "A").

From this thin narrative predicate, Plaintiffs bring a host of federal and state law claims against Defendants County of Orange, the Orange County Sheriff's Department, Deputy Renzi, Deputy Faour, and Deputy Kocher.  These include claims based on alleged violations of Plaintiffs' and Decedent's constitutional rights under the Fourth and Fourteenth Amendments, made actionable through 42 U.S.C. § 1983.  (See generally, Complaint, 9:1-17:9, Doc. No. 1-1, Exhibit "A").  These claims trigger this Court's original jurisdiction pursuant to 28 U.S.C. § 1331.  On

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1  this basis, Defendants' removed this action from state court on July 30, 2020.  (See,

2  Notice of Removal, Doc. No. 1).

3        Unfortunately, Plaintiffs' Complaint fails to provide sufficient factual detail

4  or clarity to give Defendants fair notice as to what Plaintiffs seek in these

5  proceedings.  The problems start with the parties that have elected to file suit:

6  Xavier and Olga Hermosillo—Decedent's brother and mother, respectively.  As set

7  forth below, Plaintiffs lack standing to bring the various claims alleged in the

8  Complaint.  Even if Plaintiffs' standing were not an issue, too many of their asserted

9  recovery theories are defective on their face and ignore the settled precedent that

10  bars their application.  Further complicating matters, Plaintiffs present their

11  allegations in an impermissible "shotgun" pleading style, "re-alleging and

12  incorporat[ing] each and every allegation of each and every paragraph" of text in an

13  effort to confuse and overwhelm Defendants.

14        In short, Plaintiffs' Complaint is plagued with procedural and substantive

15  maladies that cannot go unaddressed.  Defense counsel raised each of the issues

16  discussed in this Motion with Plaintiffs' counsel by way of detailed correspondence,

17  consistent with Local Rule 7-3.  (See, Defense Correspondence dated July 30, 2020,

18  Exhibit "B").  As of the date of the filing of this Motion, Defense counsel has not

19  received a response from Plaintiffs' counsel expressing a willingness to voluntarily

20  amend Plaintiffs' Complaint (or any response at all).  (Cox Decl., ¶ 4).

21        Accordingly, for the reasons set forth in further detail below, Defendants

22  respectfully request that their Motion be granted as prayed.

23  **II.   THE SHERIFF'S DEPARTMENT IS NOT A SUABLE ENTITY**

24        Plaintiffs level six of their seven purported causes of action against the

25  Orange County Sheriff's Department.  (See, Complaint, 9:1-11:25, 12:1-14:6, 14:7-

26  17:9, 17:10-19:14, 19:15-21:20, 23:5-24:16, Doc. No. 1-1, Exhibit "A").  It is well-

27  settled, however, that a law enforcement department is a non-suable entity inasmuch

28

**2**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

as it is not a public entity itself, but rather a part of the suable public entity: here, the County of Orange.  See, United States v. Kama, 394 F.3d 1236, 1239-1240 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992) (county sheriff's department cannot be sued under section 1983); Moles v. County of Linn, 2004 WL 1490324, at *4 (D. Or. 2004) ("[T]he Linn County Sheriff's Office is not a 'person' subject to liability under section 1983. Municipal departments, commissions and associations, such as police, sheriff and corrections departments cannot be sued under section 1983."); see also, Vallas v. City of Chula Vista, 56 Cal.App.3d 382, 387-388 (1976) ("We are provided no authority for the position that the police department is a 'public entity' within the meaning of the section.  Evidence Code section 200 defines a public entity as 'a nation, state, county, city and county, city, district, public authority, public agency, or any other political subdivision or public corporation, whether foreign or domestic.' While 'public agency' may be a somewhat vague term, its use as a part of a definition of 'public entity' must contemplate a body with some degree of sovereignty.  Each of the listed entities as well as the classification found in the concluding language, 'or any other political subdivision or public corporation,' describes an independent body politic with sovereignty and not a department or office within the entity.  To construe 'public agency' any other way would be to destroy the concept of 'entity.'  We note, too, the Law Revision Commission comment to section 811.2 of the Government Code, which defines 'public entity' in a similar fashion, states the definition 'is intended to include every kind of political or governmental entity in the state.' None of the definitions of 'public agency' we have been able to find would include a department of a city as such. *We must conclude the police department is merely an integral part of a public entity and not an entity itself*.") (emphasis added).

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

1  Based on the foregoing, Plaintiffs' entire Complaint against the Orange
2  County Sheriff's Department must be dismissed.  See, Fed. R. Civ. Proc. 12(b)(6).

3  **III.**  **PLAINTIFF XAVIER'S ENTIRE CASE AGAINST DEFENDANTS**
4  **SHOULD BE DISMISSED**

5  Plaintiff Xavier Hermosillo purports to be the "natural brother" of Decedent.
6  (See, Complaint, 4:3-6, Doc. No. 1-1, Exhibit "A").  Relying on the claim headings,
7  Plaintiff Xavier identifies as a party to the Third Cause of Action (Municipal
8  Liability), Sixth Cause of Action (Negligent Infliction of Emotional Distress), and
9  Seventh Cause of Action (Violation of California Civil Code Section 52.1).  It also
10  appears Plaintiff Xavier seeks recovery on the Second Cause of Action (Violation of
11  Substantive Due Process).  But Plaintiff Xavier cannot pursue any of the alleged
12  theories of recovery.

13  **A.**  **Third Cause of Action for "Municipal Liability" (42 U.S.C. § 1983)**
14  Plaintiff Xavier does not have standing to sue for alleged "Municipal
15  Liability."  (See generally, Complaint, 14:7-17:9, Doc. No. 1-1, Exhibit "A").  "A
16  local governmental entity can be sued under § 1983 where a municipal policy or
17  custom has caused an alleged violation of constitutional rights."  Herd v. County of
18  San Bernardino, 311 F.Supp.3d 1157, 1166 (C.D. Cal. 2018) (citing Monell v. Dep't
19  of Social Servs. of City of New York, 436 U.S. 658, 690–691 (1978)).
20  Constitutional rights are personal rights that cannot be vicariously asserted.  See,
21  Herd, supra, 311 F.Supp.3d at 1165; see also, Smith v. City of Fontana, 818 F.2d
22  1411, 1417 (9th Cir. 1987), overruled on other grounds by Hodgers-Durgin v. de la
23  Vina, 199 F.3d 1037 (9th Cir. 1999) (children of…decedent could not maintain
24  personal causes of action on theory that Fourth Amendment had been violated
25  because "[t]he children were not directly subjected to the excessive use of state
26  force and therefore cannot maintain personal causes of action under section 1983 in
27  reliance on this Fourth Amendment theory."); Alderman v. United States, 394

28

**4**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1   U.S.165,174 (1969) ("Fourth Amendment rights are personal rights which…may not

2   be vicariously asserted.").  At no point in the Third Cause of Action are any facts

3   alleged suggesting even an inference that the conduct of any individual defendant

4   was motivated by a policy, practice, or custom of an entity defendant and thereby

5   violated *Plaintiff Xavier's* specific constitutional rights.  By way of example,

6   Plaintiff Xavier does not allege that "excessive force" was used against him.

7          To the extent Plaintiff Xavier may be relying on a theory of "substantive due

8   process," and that some Fourteenth Amendment right was infringed by the killing of

9   his brother, this theory is meritless because Plaintiff Xavier does not have standing

10  to advance such a claim.  See, Estate of Crawley v. McRae, 2015 WL 5432787, at

11  *35 (E.D. Cal. 2015) (decedent's siblings "substantive due process claim fails as a

12  matter of law because he has no actionable constitutionally protected interest.");

13  Ward v. City of San Jose, 967 F.2d 280, 284 (9th Cir. 1992) (sibling does not have

14  any constitutionally protected interest in brother's companionship under Section

15  1983).[1]

16         Plaintiff Xavier also cannot advance a "Municipal Liability" claim under any

17  "wrongful death" theory.  Only survivor actions—and ***not*** "wrongful death"

18  actions—may be brought pursuant 42 U.S.C. § 1983.  See, Herd, supra, 311

19  F.Supp.3d at 1165; see also, Hernandez v. County of Santa Clara, 2020 WL

20  3101041, at *3 (N.D. Cal. 2020) ("[T]here is no 'wrongful death' claim under §

21  1983."); A.B. v. City of Santa Ana, 2019 WL 1578380, at *6 (C.D. Cal. 2019)

22  ("'[C]ase law is clear that only survivor action may be brought pursuant to 42

23  _____

24  [1] For this reason, Plaintiff Xavier likewise does not have standing to make any claim
    for "Violation of Substantive Due Process" in the Second Cause of Action.  Though
25  Plaintiff Xavier is not identified as a party to this claim in the claim heading, his
    name does appear at various times and places throughout the claim's text.  (See,
26  Complaint, ¶¶ 38, 41, 42, 43, 45, Doc. No. 1-1, Exhibit "A").  The authorities cited
    here bar any purported "substantive due process" claim by Plaintiff Xavier.  See,
27  Estate of Crawley, supra, 2015 WL 5432787, at *35; Ward, supra, 967 F.2d at 284.

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1  U.S.C. § 1983.'") (quoting Herd, supra, 311 F.Supp.3d at 1165).

2       While survivorship actions are permitted under 42 U.S.C. § 1983 so long as

3  the state in which the action is filed authorizes such a claim, Plaintiff Xavier has not

4  satisfied the statutory prerequisites for pursuing any survivorship claim.  In

5  California, a successor in interest "seeking to commence an action" on behalf of a

6  decedent shall execute and file an affidavit that conforms with the enumerated

7  requirements of Code of Civil Procedure § 377.32(a).  See, Wishum v. California,

8  2014 WL 3738067, at *2 (N.D. Cal., 2014) ("Section 377.32 requires any party

9  seeking to commence an action as a decedent's successor in interest to file an

10 affidavit or declaration stating the basis for that designation.").  It is Plaintiff

11 Xavier's obligation to prove he meets the state's requirements for bringing a

12 survival action, and he simply has not met his burden.  See, Moreland v. Las Vegas

13 Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir.1998).

14      Accordingly, Plaintiff Xavier's Third Cause of Action must be dismissed.

15      **B.**      **Sixth Cause of Action for "Negligent Infliction of Emotional**

16            **Distress"**

17      By rule, "[p]ublic liability for personal injuries is defined and limited by

18 statute."  Ramsey v. City of Lake Elsinore, 220 Cal.App.3d 1530, 1536 (1990);

19 Cochran v. Herzog Engraving Co., 155 Cal.App.3d 405, 409 (1984) ("In California,

20 all government tort liability must be based on statute.").  As summarized by the

21 Court of Appeal:

22      [In order] to state a cause of action [for government tort liability],
        ***every fact*** essential to the existence of a statutory liability ***must be***
23      ***pleaded with particularity, including the existence of a statutory***
        ***duty***.  Duty cannot be alleged simply by stating, 'defendant had a duty
24      under the law'; that is a conclusion of law, not an allegation of fact.
        The facts showing the existence of the claimed duty must be alleged."
25      [Citation omitted.] ***"Since the duty of a governmental agency can***
26      ***only be created by statute or 'enactment,' the statute or 'enactment'***
        ***must at the very least be identified [in plaintiff's complaint]."***
27

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1 | Searcy v. Hemet Unified School Dist., 177 Cal.App.3d 792, 802 (1986) (emphasis
2 | added).

3 | These pleading rules are applicable to state law claims pursued in federal
4 | court.  See, D.K. ex rel. G.M. v. Solano County Office of Educ., 667 F.Supp.2d
5 | 1184, 1198 (E.D. Cal. 2009) (citing Searcy with approval and dismissing plaintiffs'
6 | state law claim for failure to identify an authorizing statute).

7 | Plaintiff Xavier's Sixth Cause of Action for "Negligent Infliction of
8 | Emotional Distress" ("NIED") proceeds as if the foregoing authority had never been
9 | published.  Indeed, NIED is not even a stand-alone cause of action under California
10 | law—let alone one that meets the statutory authorization requirement in suits against
11 | public entities and their employees.  See, Gu v. BMW of N. Am., LLC, 132
12 | Cal.App.4th 195, 204 (2005) ("[T]he California Supreme Court has emphasized that
13 | '*there is no independent tort of negligent infliction of emotional distress*.'")
14 | (emphasis added); Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993)
15 | ("[T]here is no independent tort of negligent infliction of emotional distress.")
16 | (internal citation omitted); Christensen v. Superior Court, 54 Cal.3d 868, 884 (1991)
17 | ("Negligent infliction of emotional distress is not an independent tort….").

18 | Here, Plaintiff Xavier's "NIED" claim fails to satisfy California's heightened
19 | pleading requirements.  The claim must therefore be dismissed.

20 | **C.** **Seventh Cause of Action for "Violation of Civil Code § 52.1"**

21 | The Bane Act, codified at California Civil Code § 52.1, provides a cause of
22 | action if "a person or persons, whether or not acting under color of law, interferes by
23 | threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or
24 | coercion, with the exercise or enjoyment by any individual or individuals of rights
25 | secured by the Constitution or laws of the United States, or of the rights secured by
26 | the Constitution or laws of this state."  In seizure cases, California courts and the
27 | Ninth Circuit have clarified that a claim for relief under § 52.1 additionally requires

28 |

**7**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1    "a specific intent to violate the arrestee's right to freedom from unreasonable

2    seizure." Reese v. Cty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018)

3    (quoting Cornell v. City of San Francisco, 17 Cal.App.5th 766, 801 (2017)).

4    Accordingly, a plaintiff must allege that defendants "intended not only the force, but

5    [also] its unreasonableness." Reese, supra, 888 F.3d at 1045 (internal quotations

6    and citations omitted).

7         "[The Bane Act] is limited to plaintiffs who themselves have been the subject

8    of violence or threats." Bay Area Rapid Transit Dist. v. Superior Court, 38

9    Cal.App.4th 141, 144 (1995).  Put differently, "a party lacks standing to bring a

10   claim under the Bane Act when the party does not claim to have *personally suffered*

11   a violation of a constitutional or statutory right." (emphasis original).  Bresaz v.

12   County of Santa Clara, 136 F.Supp.3d 1125, 1137 (N.D. Cal. 2015).  The

13   concomitant rule flowing from this is that "[t]he Bane Act is simply not a wrongful

14   death provision." Bay Area, supra, 38 Cal.App.4th at 144.

15        Here, Plaintiff Xavier does not make a single factual allegation that any

16   defendant interfered with any of *his rights* by "threat, intimidation, or coercion."

17   (See generally, Complaint, 23:5-24:16, Doc. No. 1-1, Exhibit "A").  Instead,

18   Plaintiff's allegations focus exclusively on Decedent Luis Hermosillo being

19   subjected to alleged "excessive force," and alleged violation of "LUIS

20   HERMOSILLO'S civil rights as protected by section 52.1 of the Civil Code."  (See,

21   Complaint, 23:23-24:2, 24:10-11, Doc. No. 1-1, Exhibit "A").  As Plaintiff Xavier

22   has not alleged facts specific to him, and because he cannot pursue this claim under

23   any "wrongful death" theory, he has no standing to pursue this claim as an

24   individual plaintiff.

25        Plaintiff Xavier also may not presently proceed as a "successor in interest" to

26   Decedent's estate on this claim.  As discussed above, Plaintiff Xavier has not

27   satisfied the statutory requirements for establishing that he is a recognized

28

**8**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1    "successor-in-interest.  (See, Section II.A., supra).

2        Based on the above, Plaintiff Xavier lacks standing on his Seventh Cause of

3    Action, and the claim should therefore be dismissed.  The foregoing discussion also

4    establishes that as pled, Plaintiff Xavier is not a proper party to this lawsuit.

5    Defendants therefore respectfully request that Plaintiff Xavier's case against

6    Defendants be dismissed in its entirety.  See, Fed. R. Civ. Proc. 12(b)(6).

7    **IV.    PLAINTIFF OLGA DOES NOT HAVE STANDING TO SUE AS A**

8         **"SUCCESSOR IN INTEREST"**

9        Plaintiff Olga Hermosillo asserts her First, Second, Fourth, and Fifth Causes

10   of Action as "Successor in Interest to Luis Hermosillo."  (See, Complaint, 9:1-4,

11   12:1-4, 17:10-12, 19:-15-18, Doc. No 1-1, Exhibit "A").[2]  These claims implicate

12   federal and state theories of recovery.  To have standing to pursue any of these

13   theories, Plaintiff Olga is required to execute a statutory declaration that affirms her

14   legal status as a successor in interest to Decedent's estate.  See, Wishum, supra,

15   2014 WL 3738067, at *2; Moreland, supra, 159 F.3d at 369; see also, Code of Civil

16   Procedure §§ 377.30, 377.32.

17       Plaintiff Olga has not filed the required successor in interest declaration for

18   asserting any survivorship action.  She therefore lacks standing in any purported

19   "survivorship" capacity, and her claims to that effect must be dismissed.

20   **V.    PLAINTIFF OLGA'S FIRST CAUSE OF ACTION FAILS ON THE**

21        **MERITS**

22       As best as Defendants can tell, in her First Cause of Action Plaintiff Olga

23   _____

24   [2] It is unclear whether Plaintiff Olga attempts to sue as a "successor in interest" on

25   the Third Cause of Action for "Municipal Liability" and the Seventh Cause of

26   Action for "Bane Act" violations.  (See, Complaint, 14:7-17:9, 23:5-24:16, Doc. No.
     1-1, Exhibit "A") (referencing "All Plaintiffs," but failing to specify the capacity in

27   which any plaintiff proceeds).  To the extent she is, the discussion herein forecloses

28   any suit by Plaintiff Olga in this capacity.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1   Hermosillo sues "All Defendants" for "excessive force" arising from Deputies

2   Renzi, Faour, and Kocher's alleged interaction with Decedent on August 21, 2019.

3   As discussed above, Plaintiff lacks standing to bring this claim as Decedent's

4   successor in interest.  (See, Section IV, supra).  Though she claims she is also

5   proceeding "Individually as Heir at Law," no such capacity exists because 42 U.S.C.

6   § 1983 does not provide for "wrongful death" actions.  See, Hernandez, supra, 2020

7   WL 3101041, at *3; A.B., supra, 2019 WL 1578380, at *6.

8        The only remaining avenue for Plaintiff to pursue this claim is for an alleged

9   violation of *her* constitutional rights.  But even a cursory review of the pleading

10  reveals there are ***no facts*** pled demonstrating an alleged constitutional violation as

11  regards Plaintiff.  Instead, Plaintiff's allegations focus on alleged "excessive force"

12  against Decedent in violation of the Fourth Amendment.  (See, 9:7-10, Doc. No. 1-

13  1, Exhibit "A") (stating this action is "brought pursuant to 42 U.S.C. § 1983…for an

14  alleged unreasonable seizure of the person including the use of unreasonable and

15  excessive force…by Defendants…against Decedent LUIS HERMOSILLO.").

16  Though the claim makes reference to "the Fourteenth Amendment" and "violation

17  of liberty interest," these allegations do not give rise to any individual "excessive

18  force" claim by Plaintiff Olga.  See, Hufford v. McEnaney, 249 F.3d 1142, 1151

19  (9th Cir. 2001) ("If, in a Section 1983 suit, the plaintiff's claims can be analyzed

20  under an explicit textual source of rights in the Constitution, a court should not

21  resort to the 'more subjective standard of substantive due process.'") (citing

22  Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996)).

23        Even if Plaintiff could navigate around the above-described pitfalls, this claim

24  fails as alleged with respect to each and every defendant.

25        **A.    <u>County of Orange</u>**

26        For starters, the County is not a proper party to this claim.  It is well settled

27  that a "municipality cannot...be held liable under § 1983 'solely because it employs

28

**10**

1  a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on

2  a respondeat superior theory.'" Herd, supra, 311 F.Supp.3d 1166 (quoting, Monell,

3  supra, 436 U.S. at 691); see, Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403,

4  (1997) ("We have consistently refused to hold municipalities liable under a theory

5  of respondeat superior"; it is only when an explicit or tacit wrongful government

6  "policy or custom" causes government employees to inflict an injury that a

7  government entity may be liable under Section 1983); Sincerny v. City of Walnut

8  Creek, 2017 WL 4642432, at *3 (N.D. Cal. 2017) ("'A government entity may not

9  be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the

10 entity can be shown to be a moving force behind a violation of constitutional

11 rights.'") (internal citation omitted). Additionally, only "'a longstanding practice or

12 custom which constitutes the 'standard operating procedure' of the local government

13 entity'" will support the imposition of municipal liability.  Herd, supra, 311

14 F.Supp.3d at 1167 (internal citation omitted).

15     Plaintiff's First Cause of Action fails to set forth any *facts* to support a theory

16 that the County had an unlawful policy, practice, or custom required to maintain a

17 claim against a municipal entity.  From what Defendants can tell, those allegations

18 appear to be reserved for Plaintiff's "Municipal Liability" claim, asserted as

19 Plaintiff's Third Cause of Action.  (See, Complaint, 14:7-17:9, Doc. No. 1-1,

20 Exhibit "A").  As such, the County should be dismissed from this cause of action.

21 See, Rodrigues v. County of Orange, Case No. 8:20-cv-00298-JVS-(DFM), 2020

22 WL 3396619, at *3-4 (C.D. Cal. 2020) (granting Rule 12(b)(6) motion to dismiss

23 "excessive force" claim against county where plaintiff failed to plead facts alleging

24 a municipal policy, practice, or custom caused a constitutional violation).

25     **B.    Orange County Sheriff's Department**

26     As discussed in Section II, supra, the Sheriff's Department is a non-suable

27 entity.  Plaintiff's "excessive force" claim against it must therefore be dismissed.

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

### C.    Deputies Renzi, Faour, and Kocher

Plaintiff's claim against the individual defendants is legally deficient for a number of reasons.  First of all, it is riddled with legal conclusions and other conclusory buzzwords such that it fails to meet basic pleading standards.  At no point does Plaintiff assert any *facts* that speak to the governing standard on an "excessive force" claim: reasonableness under the circumstances.  Instead, Plaintiff makes meaningless, bald assertions that Defendants "intentionally used unreasonable and excessive force…in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution."  (See, Complaint, 9:14-17, Doc. No. 1-1, Exhibit "A").  She goes on: "Unreasonable, unnecessary, and/or excessive force was used by Defendants DEPUTY RENZI, DEPUTY FAOUR, [and] DEPUTY KOCHER…. ¶ Defendants DEPUTY RENZI, DEPUTY FAOUR, [and] DEPUTY KOCHER…had an obligation to only use reasonable force rather than to use unreasonable, unnecessary, or excessive force."  (See, Complaint, 9:22-24, Doc. No. 1-1, Exhibit "A").  More: "The…acts of Defendants DEPUTY RENZI, DEPUTY FAOUR, [and] DEPUTY KOCHER…were malicious, willful, oppressive and despicable conduct as herein alleged, as each aforementioned defendant acted with a conscious disregard for the rights and safety of Decedent, LUIS HERMOSILLO and said defendants acted with the specific intent to injure and kill Decedent…."  (See, Complaint, 10:4-8, Doc. No. 1-1, Exhibit "A").

Plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal 556 U.S. 662, 678 (2009); see, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**AND/OR FOR A MORE DEFINITE STATEMENT**

1    action will not do.") (internal citations omitted).  Nor are the types of legal

2    conclusions on offer from Plaintiff here sufficient to satisfy federal pleading

3    standards.  See, Iqbal, supra, 556 U.S.at 678 ("[T]he tenet that a court must accept

4    as true all of the allegations contained in a complaint is inapplicable to legal

5    conclusions."); Twombly, supra, 550 U.S. at 570 ("courts 'are not bound to accept

6    as true a legal conclusion couched as a factual allegation.'") (quoting Papasan v.

7    Allain, 478 U.S. 265, 286 (1986)).

8         Making matters worse, Plaintiff fails to specify, with ***facts***, what each

9    individual defendant supposedly did wrong to cause Plaintiff's alleged harm.

10   Instead, she repeatedly refers to the deputies as a group, and thereby deprives each

11   of fair notice and the ability to defend himself effectively.  (See, Complaint, 9:7-11,

12   9:12-21, 10:4-9, 10:14-17, Doc. No. 1-1, Exhibit "A").  This is unacceptable, as

13   "'[a] plaintiff suing multiple defendants' cannot simply 'lump[ ] defendants ...

14   together' but instead 'must allege the basis of [her] claim against each defendant to

15   satisfy Federal Rule of Civil Procedure 8(a)(2).'"  See, Rendon v. County of

16   Orange, 2019 WL 4284521, at *2 (C.D. Cal. 2019) (internal citation omitted).  Put

17   differently, "a complaint 'must identify what action each Defendant took that caused

18   [the plaintiff's] harm, without resort to generalized allegations against Defendants as

19   a whole.'"  See, Rendon v. County of Orange, 2020 WL 974940, at *3 (C.D. Cal.

20   2020) (internal citation omitted).  "When a pleading fails 'to allege what role each

21   Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not

22   impossible, for individual Defendants to respond to Plaintiffs' allegations.'"

23   Sebastian Brown Prods., LLC v. Muzooka, Inc., 143 F.Supp.3d 1026, 1037 (N.D.

24   Cal. 2015) (internal citation omitted).

25        Accordingly, Plaintiff Olga's First Cause of Action must be dismissed on the

26   merits.  See, Fed. R. Civ. Proc. 12(b)(6).

27   / / /

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

## VI.   PLAINTIFF OLGA'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Olga purports to assert her Second Cause of Action as "Successor in Interest to Luis Hermosillo."  (See, Complaint for Damages, 12:1-4, Doc. No. 1-1, Exhibit "A," Cox Decl., ¶ 3).  As discussed above, she has not established herself as a "successor in interest" to Decedent's estate.  (See, Section IV, supra).  Even if she had, the theory advanced by Plaintiff in this cause of action is not a proper "survivorship" claim.  *Prior to dying*, Decedent did not have a "substantive due process" claim for alleged interference with his familial relationship with Plaintiff Olga.  While he may have had a claim for "excessive force," as stated above that claim has its textual source in the Fourth Amendment, not the "due process" provisions of the Fourteenth Amendment.  See, Hufford, supra, 249 F.3d at 1151.  Accordingly, there is no "survivorship" theory applicable to this claim.

In terms of her individual capacity, and giving the Complaint a generous reading, Plaintiff Olga's attempt to proceed against "All Defendants" falls flat.

### A.   County of Orange

This being another claim under 42 U.S.C. § 1983, Plaintiff Olga may not proceed against the County on a *respondeat superior* theory of liability.  See, Herd, supra, 311 F.Supp.3d 1166.  Instead, she much allege *facts* that demonstrate constitutional harm caused by municipal policy, practice, or custom.  Sincerny, supra, 2017 WL 4642432, at *3.  She has not done so.  Indeed, the words "County" or "County of Orange" do not even appear in this case of action.  (See generally, Complaint, 12:1-14:6, Doc. No 1-1, Exhibit "A").  Accordingly, the claim against the County fails as a matter of law.  See, Rodrigues, supra, 8:20-cv-00298-JVS-(DFM), 2020 WL 3396619, at *3-4.

### B.   Orange County Sheriff's Department

As discussed in Section II, supra, the Sheriff's Department is a non-suable

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

1  entity.  Plaintiff's "substantive due process" claim against it must be dismissed.

2      **C.**    **Deputies Renzi, Faour, and Kocher**

3      Similar to her "excessive force" claim, Plaintiff Olga's "Substantive Due

4  Process" claim against the individual deputies fails to state *facts* sufficient to

5  recover against these defendants.  Once again, Plaintiff's pleading is jammed with

6  conclusory phrases and empty legal jargon that merely parrots the language of a

7  "familial association" claim, without providing the required facts.  (See, e.g.,

8  Complaint, ¶ 39 (describing the deputies' use of force as "so outrageous that it

9  shocks the conscience"); ¶ 41 (describing the actions of the deputies as "shock[ing]

10  the conscience, in that they acted with deliberate indifference to the constitutional

11  rights of Decedent, LUIS HEMOSILLO, and/or with purpose to harm unrelated to

12  any legitimate law enforcement objective."), Doc. No. 1-1, Exhibit "A").  This is

13  unacceptable, as threadbare recitals of the elements of a cause of action do not

14  satisfy the federal pleading standards.

15      Also similar to her "excessive force" claim, Plaintiff has resorted to lumping

16  together the individual defendants and not alleging *facts* as to who did what wrong

17  to whom.  Without specification as to which defendant did what and supposedly

18  caused harm, Plaintiff's claim fails to meet Rule 8's pleading threshold.  See,

19  Rendon, supra, 2019 WL 4284521, at *2 (granting Rule 12 motion to dismiss where

20  plaintiff failed to identify which conduct was attributable to multiple individual

21  defendants, reasoning that "without disaggregation of Plaintiff's lumped

22  allegations," [the defendants] are not on fair notice of the misconduct with which

23  they are respectively charged…").

24      Based on the foregoing, Plaintiff Olga's Second Cause of Action against "All

25  Defendants" should be dismissed on the merits.  See, Fed. R. Civ. Proc. 12(b)(6).

26  / / /

27  / / /

28

**15**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

## VII.   PLAINTIFF OLGA FAILS TO SUFFICIENTLY ALLEGE A CAUSE OF ACTION FOR "MUNICIPAL LIABILITY"

Plaintiff Olga brings her Third Cause of Action for "Municipal Liability" under 42 U.S.C. § 1983 against the County and the Sheriff's Department.  (See, Complaint, 14:7-17:9, Doc. No. 1-1, Exhibit "A").  As discussed above, the Sheriff's Department is not a proper defendant.  (See, Section II, supra).  As against the County, Plaintiff Olga does not have standing to pursue this cause of action as a "successor in interest" to Decedent's estate.  (See, Section IV, supra).  Nor may she prosecute this purported claim against the County on any "wrongful death" theory. See, Hernandez, supra, 2020 WL 3101041, at *3; A.B., supra, 2019 WL 1578380, at *6.  And she does not set forth any factual allegations suggesting even an inference that the conduct of any individual defendant was motivated by municipal policy, practice, or custom and thereby violated *Plaintiff Olga's* specific constitutional rights.  Accordingly, Plaintiff's Third Cause of Action fails and must be dismissed.

Plaintiff's cause of action suffers from additional substantive defects warranting dismissal.  She styles this claim as one based on alleged "unconstitutional custom or policy," and stuffs her pleading with a full page of speculative and legally-inadequate allegations about supposed "customs, policies, and practices."  (See, Complaint, 14:22-15:28, Doc. No. 1-1, Exhibit "A").  These hollow allegations are surrounded by separate conclusory legal jargon.  (See, e.g., Complaint, 14:22-25 (alleging the County acted "with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT…"); 16:3-8 ("The aforementioned policies and practices…was a moving force that caused Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER to use unreasonable deadly force on DECEDENT…"); 16:14-16 ("Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with

**16**

1  respect to the constitutional rights of Decedent, Plaintiffs, and other individuals
2  similarly situated…"), Doc. No. 1-1, Exhibit "A").

3      Even a cursory review of the allegations expose this cause of action as one
4  facially devoid of sufficient *facts* showing a particular policy or custom caused a
5  constitutional violation.  Instead, and repeatedly, Plaintiff resorts to fact-bare legal
6  conclusions to advance her claim.  Put plainly, this is not good enough.  A plaintiff
7  cannot "plead facts that are merely consistent with a defendant's liability," as
8  "threadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements do not suffice."  Iqbal, supra, 556 U.S. at 678; see, Twombly,
10  supra, 550 U.S. 555 ("[A] plaintiff's obligation to provide the 'grounds' of his
11  'entitlement to relief' requires more than labels and conclusions, and a formulaic
12  recitation of the elements of a cause of action will not do.") (internal citations
13  omitted); In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (when
14  evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept
15  as true "allegations that are merely conclusory, unwarranted deductions of fact, or
16  unreasonable inferences.").  These settled pleading rules apply to "Municipal
17  Liability" claims like Plaintiff's.  See, A.E. ex rel. Hernandez v. Cty. of Tulare, 666
18  F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in Iqbal
19  and Twombly "appl[y] to Monell claims and should govern future pleadings in this
20  case"); see also, Moore v. County of Orange, Case No. 8:17-cv-01024-JVS-(JCG),
21  2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); Wilkey v. County of
22  Orange, 2017 WL 11447980, at * (C.D. Cal. 2017) (dismissing Monell claim with
23  prejudice where "custom and policy" allegations amounted to "rote recitation of the
24  elements of a *Monell* claim for Section 1983 liability against a municipality…").

25      Even under the liberal pleading standards established by Iqbal and Twombly,
26  Plaintiff's barebones allegations fail.  Plaintiff does not allege any *facts* showing
27  that any of the battery of claimed "policies" or "customs" actually exist.  See, Herd,

28

**17**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

supra, 311 F.Supp.3d at 1168 (Monell claim based on "policy and custom" dismissed where Plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies of customs actually exist."); Johnson v. Baca, 2013 WL 12131358, at *13 (C.D. Cal. 2013) (dismissing Monell claim where the complaint failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County defendants' current policy or explain why it is inadequate"); Smith v. Stanislaus, 2012 U.S. Dist. LEXIS 9288, *10 (E.D. Cal. 2012) ("[T]o sufficiently state a claim under Monell, plaintiff must allege facts establishing a policy, it is not enough simply to state that there is a policy.").  Nor does Plaintiff allege sufficient facts demonstrating a particular "policy or custom" amounted to "deliberate indifference" that caused an alleged constitutional violation. See, Herd, supra, 311 F.Supp.3d at 1168 ("Merely alleging that 'Defendants acted with deliberate indifference' is conclusory and does not show that the alleged deficiencies were 'obvious and the constitutional injury was likely to occur.'") (internal citation omitted); see also, Maldonado v. County of Orange, 2019 WL 6139937, at *2 (C.D. Cal. 2019) (dismissing Monell claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies and practices generally empower excessive force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here."); Rendon, supra, 2019 WL 4284521, at *2 (Monell claim dismissed because "Plaintiff's sole, conclusory allegations of policies or practices that encompass all of Defendants' alleged misconduct is insufficient to state a claim for municipal liability under § 1983."); Moore, supra, 2017 WL 10518114, at *3-4 (Monell claim dismissed: "Moore's Complaint falls short of the requirements for pleading a Monell claim.  Rather than include specific factual allegations, paragraph 57 of Moore's Complaint sets forth a speculative list of various customs, policies, and

1   practices that allegedly violated her Fourth Amendment and Fourteenth Amendment

2   rights…. Moore's list contains 'no allegations of underlying facts.' [Citation].

3   Therefore, Moore has failed to meet the <u>Monell</u> pleading standard.").

4       Additionally, it is well settled that allegations regarding an **_isolated incident_**

5   are insufficient to support Plaintiff's purported "policy and custom" claim. <u>See</u>,

6   <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled

7   on other grounds by <u>Bull v. City & County of San Francisco</u>, 595 F.3d 964, 981 (9th

8   Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish

9   custom."); <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for

10  improper custom may not be predicated on isolated or sporadic incidents; it must be

11  founded upon practices of sufficient duration, frequency and consistency that the

12  conduct has become a traditional method of carrying out policy."). Indeed,

13  municipal liability claims must be supported by a record of numerous, similar

14  incidents. <u>Sloman v. City of Simi Valley</u>, 21 F.3d 1462, 1470 (9th Cir. 1994)

15  ("Individual action like [the defendant officer's] does not rise to the level of the

16  'well-settled', 'widespread' practices contemplated in the cases discussing

17  municipal liability"; jury verdict against city defendant for one employee officer's

18  "habitual" conduct overturned as error); <u>A. B.</u>, <u>supra</u>, 2019 WL 1578380, at *4 ("In

19  the FAC, Plaintiffs allege that Defendants were acting pursuant to customs, policies,

20  usages and practices of City and the City of Santa Ana Police Department, that

21  Defendants violated Plaintiffs' rights as a result of those policies, and that Plaintiffs

22  were injured as a result. [Citation]. However, Plaintiffs do not allege any specific

23  facts showing that Defendants had an ongoing policy or practice that resulted in

24  **_widespread violations_** of constitutional rights. Plaintiff does not point to **_any further_**

25  **_alleged incidents_** of Fourth Amendment excessive force, unreasonable seizure, or

26  unlawful search other than the July 21, 2017 incident that gave rise to this action.

27  Plaintiffs 'bare assertion' that Defendants have an ongoing unlawful policy or

28

**19**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1 | practice, without more, does not suffice to state a claim for relief. [Citation].

2 | Accordingly, Defendants' Motion to Dismiss Plaintiffs' fourth claim is GRANTED

3 | WITH PREJUDICE.") (emphasis added).  Because factual allegations of similar

4 | incidents are absent from Plaintiff's Third Cause of Action, dismissal is appropriate.

5 | **VIII.  PLAINTIFF OLGA'S FIFTH CAUSE OF ACTION FAILS TO STATE**

6 | **A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

7 | Plaintiff Olga purports to sue "All Defendants" for alleged "Wrongful

8 | Death/Survival Based on Negligence (Including Negligent Tactics)," and attempts to

9 | do so both as Decedent's statutory heir and "successor in interest."  (<u>See</u>, Complaint,

10 | 19:15-18, Doc. No. 1-1, Exhibit "A").  She does not have standing as a successor in

11 | interest (<u>see</u>, Section IV, <u>supra</u>), meaning she may proceed only as an individual.

12 | To move forward on this claim against any of the defendants, Plaintiff is

13 | required to plead a statutory basis that authorizes suit against them.  <u>See</u>, <u>Searcy</u>,

14 | <u>supra</u>, 177 Cal.App.3d at 802; <u>D.K. ex rel. G.M.</u>, <u>supra</u>, 667 F.Supp.2d at 1198

15 | (citing <u>Searcy</u> with approval and dismissing plaintiffs' state law claim for failure to

16 | identify an authorizing statute).  She has not done so: Plaintiff does not identify any

17 | statute that permits this type of claim against governmental defendants like the

18 | individual deputies, the County, or the Sheriff's Department.  "[D]isregard of

19 | statutes is fatal to a plaintiff's claim of public liability," and warrants dismissal.

20 | <u>See</u>, <u>Ramsey</u>, <u>supra</u>, 220 Cal.App.3d at 1541.

21 | "Duty cannot be alleged simply by stating, 'defendant had a duty under the

22 | law'; that is a conclusion of law, not an allegation of fact."  <u>Searcy</u>, <u>supra</u>, 177

23 | Cal.App.3d at 802.  Plaintiff's empty assertions that the defendant deputies "had a

24 | duty to Decedent LUIS HERMOSILLO and Plaintiffs" are therefore meaningless.

25 | (<u>See</u>, Complaint, ¶¶ 67, 68, Doc. No. 1-1, Exhibit "A").  Nor is it good enough for

26 | Plaintiff to cite to things like "California Peace Officers Standard Training, national

27 | standards for use of force and [the deputies] own police departments' training

28 |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

1  mandated for tactical firearms training"; "accepted national standards"; or "OCSD

2  Policies and Procedures manual and training including in regards to use of force and

3  the use of deadly force…."  (See, Complaint, ¶¶ 67, 68, Doc. No. 1-1, Exhibit "A").

4  By rule, Departmental policies and manuals do not form the basis for the applicable

5  standard of care, and departmental policies and P.O.S.T. guidelines cannot serve as

6  the basis for a state tort.  Under substantive California law, deviation from

7  departmental policy directives or regulations "can only serve as a basis for

8  administrative action.  They cannot create a duty to individual citizens."  Lehto v.

9  City of Oxnard, 171 Cal.App.3d 285, 294-295 (1985).

10       With no statutory duty properly pled, this Cause of Action must be dismissed.

11 **IX.    PLAINTIFF OLGA'S SIXTH CAUSE OF ACTION FAILS TO STATE**

12 **         A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

13       Plaintiff Olga purports to sue the individual defendants for "Negligent

14 Infliction of Emotional Distress" ("NIED").  (See, Complaint, 21:21-23, Doc. No. 1-

15 1, Exhibit "A").  As discussed in Section III.B., supra, NIED is not a cognizable

16 claim in California, let alone one statutorily authorized as a basis for suit against

17 public employees.  See, Gu, supra, 132 Cal.App.4th at 204 ("[T]he California

18 Supreme Court has emphasized that '*there is no independent tort of negligent*

19 *infliction of emotional distress*.'") (emphasis added).

20       Plaintiff Olga does not say anything in the Complaint to overcome this settled

21 principle.  The claim must therefore be dismissed.  See, Fed. R. Civ. Proc. 12(b)(6).

22 **X.     PLAINTIFF OLGA FAILS TO SUFFICIENTLY PLEAD A CAUSE OF**

23 **         ACTION FOR VIOLATION OF THE BANE ACT**

24       Plaintiffs level their "Bane Act" claim on behalf of "All Plaintiffs" against

25 "All Defendants."  Plaintiff Xavier's claim fails for the reasons discussed in Section

26 III.C., supra.  Plaintiff Olga's attempt to proceed on this cause of action fails for

27 similar reasons.

28

**21**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**AND/OR FOR A MORE DEFINITE STATEMENT**

1      First, Plaintiff Olga does not make a single factual allegation that any

2  defendant interfered with any of *her rights* by "threat, intimidation, or coercion."

3  (<u>See generally</u>, Complaint, 23:5-24:16, Doc. No. 1-1, Exhibit "A").  Instead,

4  Plaintiff's allegations focus exclusively on Decedent Luis Hermosillo being

5  subjected to alleged "excessive force," and alleged violation of "LUIS

6  HERMOSILLO'S civil rights as protected by section 52.1 of the Civil Code."  (<u>See</u>,

7  Complaint, 23:23-24:2, 24:10-11, Doc. No. 1-1, Exhibit "A").  As Plaintiff Olga has

8  not alleged ***facts*** concerning *her rights* being infringed upon by "threat,

9  intimidation, or coercion," along with the requisite "specific intent," her cause of

10  action is insufficiently pled against all governmental defendants and must be

11  dismissed.  <u>See</u>, <u>Bay Area</u>, <u>supra</u>, 38 Cal.App.4th at 144; <u>Bresaz</u>, <u>supra</u>, 136

12  F.Supp.3d at 1137; <u>Reese</u>, <u>supra</u>, 888 F.3d at 1045; <u>A. B.</u>, <u>supra</u>, 2019 WL 1578380,

13  at *5 (granting Rule 12b(b)(6) motion to dismiss where plaintiffs "do not allege that

14  Defendants acted with a specific intent to use unreasonable force against Decedent,

15  or to violate his constitutional rights."); <u>accord</u> <u>Searcy</u>, <u>supra</u>, 177 Cal.App.3d at 802

16  ("[In order] to state a cause of action [for government tort liability], every fact

17  essential to the existence of a statutory liability must be pleaded with

18  particularity….").

19      Secondly, Plaintiff Olga cannot pursue this cause of action under any state

20  law "wrongful death" theory, as "[t]he Bane Act is simply not a wrongful death

21  provision."  <u>See</u>, <u>Bay Area</u>, <u>supra</u>, 38 Cal.App.4th at 144.

22      Without any facts sufficient to allege a violation of her own rights, and a

23  "wrongful death" theory categorically unavailable, Plaintiff Olga's only conceivable

24  standing for this claim is as a successor in interest to Decedent.  But, as discussed in

25  Section IV, fn. 2, <u>supra</u>, even if Plaintiff Olga did wish to proceed in this capacity,

26  she has not satisfied the statutory requirements for doing so.

27  / / /

28

22

# XI. PLAINTIFFS' COMPLAINT FAILS TO PROVIDE FAIR NOTICE TO DEFENDANTS

At the start of each cause of action, Plaintiffs attempt to "re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein."  (See, Complaint, ¶¶28, 37, 46, 59, 66, 72, 78, Doc. No. 1-1, Exhibit "A").  By the beginning of the Seventh Cause of Action, Plaintiffs have "re-allege[d] and incorporate[d]" seventy-seven paragraphs of text spanning twenty-two pages that reference seven state and federal causes of action (each of which has its own pleading standards to be satisfied, and all of which raise doubt as to who Plaintiff attempts to sue and for what).

This type of "chain letter" and shotgun pleading style by which "each and every" allegation of "each and every" preceding paragraph is "incorporated" into each new claim is improper.  Indeed, it violates the rules that require a complaint to clearly set forth who is suing whom, for what relief, and on what theory, and with enough detail to guide discovery.  See, McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996); Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996) (affirming grant of Rule 12(e) motion where "complaint [was] a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."); Moore, supra, 2017 WL 10518114, at *2-3 (granting Rule 12(e) motion where plaintiff's complaint deemed "an improper shotgun pleading because it realleges and incorporates all prior allegations into each succeeding cause of action."); Lass v. County of Orange, Case No. SACV 08-01132-JVS-(ANx), 2009 WL 10687551 at *2 (C.D. Cal. 2009) (granting motion for a more definite statement where plaintiff failed to "incorporate only those paragraphs which apply to each claim, the most egregious example of which is the final claim, incorporating 106 paragraphs of text.") (emphasis added).

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

In such circumstances, defendants cannot intelligently determine the nature of the allegations s/he/it faces, and a <u>Fed. R. Civ. Proc.</u> 12(e) Motion for More Definite Statement lies.  <u>See</u>, <u>Mason v. County of Orange</u>, 251 F.R.D. 562, 563-564 (C.D. Cal. 2008) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); <u>Rendon</u>, <u>supra</u>, 2019 WL 4284521, at *2 ("'As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegation.'") (internal citations omitted); <u>McHenry</u>, <u>supra</u>, 84 F. 3d at 1176 (affirming dismissal where "no attempt is made to match up the specific factual allegations and the specific legal claims to a specific defendant."); <u>Rodrigues</u>, <u>supra</u>, 2020 WL 3396619, at *3 (citing <u>Anderson</u> with approval and granting Rule 12(e) motion where complaint "adopts the allegations of all preceding claims" and plaintiff "fails to incorporate only those paragraphs which apply to each claim, the most egregious example of which is the final claim, incorporating and re-alleging eighty four paragraphs that reference nine causes of action.").

Plaintiffs' efforts to "re-allege and incorporate" the many allegations of their Complaint are foreclosed by the above authorities.  If this were not reason enough to send Plaintiffs back to the proverbial drawing board, there are other areas of the Complaint that raise questions as to who is intending to sue whom and over what conduct.  For example, the "Assault and Battery" cause of action is titled such that one would believe it is pursued by only Plaintiff Olga Hermosillo.  (<u>See</u>, Complaint, 17:10-12, Doc. No. 1-1, Exhibit "A").  But tucked within the text of this claim are repeated references to "Xavier Hermosillo" as a plaintiff.  (<u>See</u>, Complaint, ¶¶ 64, 65, Doc. No. 1-1, Exhibit "A").  A similar problem arises in the Sixth Cause of

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

Action for "NIED," where the title suggests it is brought against the individual defendants (see, Complaint, 21:21-23), but the text includes allegations against "Defendants COUNTY OF ORANGE [and] OCSD…."  (See, Complaint, 22:7-10, Doc. No. 1-1, Exhibit "A").   The end result is the type of confusion in the pleading that fails to satisfy Rule 8's "short and plain statement" requirement.  See, Rodrigues, supra, 2020 WL 3396619, at *2 ("'[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citing Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005)); see also, In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1541, 1554 (9th Cir. 1994) (emphasizing that "[a] complaint is not a puzzle…and we are loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint.").

Based on the current drafting of the Complaint, Defendants respectfully request that Plaintiffs be ordered to cure the above-described deficiencies by way of a more definite statement.  See, Fed. R. Civ. Proc. 12(e).

## XII.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion as prayed and dismiss Plaintiffs' pleading pursuant to Fed. Rs. Civ. Proc. 12(b)(6).  Should the Court not order dismissal in full, Defendants ask that the Court order Plaintiffs more fairly articulate their allegations in the form of a more definite statement consistent with Fed. Rs. Civ. Proc. 8 and 12(e).

DATED:  August 6, 2020

LYNBERG & WATKINS

By: _____
**NORMAN J. WATKINS**
**S. FRANK HARRELL**
**JESSE K. COX**
Attorneys for DEFENDANTS

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

## DECLARATION OF JESSE K. COX

I, Jesse K. Cox, do declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court and am a partner with the law firm of Lynberg & Watkins, a Professional Corporation, attorneys of record for Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY RENZI, DEPUTY FAOUR, and DEPUTY KOCHER.  I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2.      Plaintiffs XAVIER HERMOSILLO and OLGA HERMOSILLO initially filed their Complaint for Damages in Orange County Superior Court.  The Complaint alleges a host of federal and state law claims for relief against Defendants.  These include claims based on alleged violations of Plaintiffs' and Decedent's constitutional rights under the Fourth and Fourteenth Amendments, made actionable through 42 U.S.C. § 1983.  These federal claims trigger this Court's original jurisdiction pursuant to 28 U.S.C. § 1331.  On this basis, Defendants' removed this action from state court on July 30, 2020.

3.      A true and correct copy of Plaintiffs' operative Complaint for Damages was included as an exhibit to Defendants' Notice of Removal.  The Complaint was filed in this federal action as part of Document No. 1-1 at pages 2 through 26 of 50. A true and correct copy of Plaintiffs' Complaint for Damages is attached hereto as Exhibit "A."

4.      On July 30, 2020, shortly after effecting removal, Defense counsel sent meet and confer correspondence and attempted to engage with Plaintiff's counsel pursuant to Local Rule 7-3 regarding perceived deficiencies in Plaintiff's pleading. As of the date of the filing of this Motion, Defense counsel has not yet received a response from Plaintiffs' counsel expressing a willingness to voluntarily amend

/ / /

**26**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**

1  Plaintiff's Complaint.  A true and correct copy of defense counsel's July 30, 2020

2  correspondence is attached hereto as Exhibit "B."

3       I declare, under penalty of perjury under the laws of the United States, that

4  the foregoing is true and correct, and that this declaration was made and executed

5  this 6th day of August 2020, in Orange, California.

6

7                    By: _____

8                      **JESSE K. COX**
                    Declarant

9

10  4818-7566-6119, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND/OR FOR A MORE DEFINITE STATEMENT**

# EXHIBIT A

1 | Humberto M. Guizar (SBN 125769)
2 | Kent M. Henderson  (SBN 139530)
Angel Carrazco, Jr.  (SBN 230845)
3 | GUIZAR, HENDERSON & CARRAZCO, L.L.P.
3500 West Beverly Blvd.,
4 | Montebello, CA 90640
Telephone: (323) 725-1151
5 | Facsimile: (323) 597-0101
6 | Attorneys for Plaintiffs
XAVIER HERMOSILLO and
7 | OLGA HERMOSILLO QUINONES

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ORANGE – UNLIMITED JURISDICTION**

10 |

| | |
|---|---|
| XAVIER HERMOSILLO, an individual; OLGA HERMOSILLO, an individual and as Successor in Interest for Decedent, LUIS HERMOSILLO, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF ORANGE, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; DEPUTY Renzi, an individual, DEPUTY FAOUR, an individual, DEPUTY KOCHER, an individual, and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No: 30-2020-01136190-CU-PO-CJC <br> Judge Robert J. Moss <br><br> **PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 USC SECTION 1983);** <br> 2. **VIOLATION OF SUBSTANTIVE DUE PROCESS (42 USC SECTION 1983);** <br> 3. **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 U.S.C. § 1983);** <br> 4. **ASSAULT AND BATTERY;** <br> 5. **NEGLIGENCE (INCLUDING NEGLIGENT TACTICS);** <br> 6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; and** <br> 7. **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 (BANE ACT)** <br><br> **DEMAND FOR JURY TRIAL** |

26 | **<u>COMPLAINT FOR DAMAGES</u>**

27 |     1.    COMES   NOW,   Plaintiffs   XAVIER   HERMOSILLO   and   OLGA

28 | HERMOSILLO QUINONES (hereinafter, sometimes collectively referred to herein as

1

"Plaintiffs") in their Complaint against Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER and DOES 1 to 100, inclusive (hereinafter, sometimes collectively referred to as "Defendants") hereby allege as follows:

### INTRODUCTION

2. This action seeks compensatory damages, punitive damages, attorneys' fees and costs from individual police officers, and compensatory damages, attorneys' fees and costs including from Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, inclusive for violations of state law, federal law and fundamental rights under the United States Constitution in connection with the shooting of LUIS HERMOSILLO (Hereinafter referred to as "Decedent") on or about August 21, 2019, LUIS HERMOSILLO was shot by Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 while in the course and scope of their duties as law enforcement officers.

3. It is herein alleged that Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100, acting in their individual capacity, under color of law and in the course and scope of their employment with Defendant COUNTY OF ORANGE and ORANGE COUNTY SHERIFF'S DEPARTMENT used unreasonable and/or excessive deadly force when they shot LUIS HERMOSILLO, without legal cause or excuse, and made an unreasonable seizure of the person of LUIS HERMOSILLO, thereby violating the constitutional rights of Decedent, LUIS HERMOSILLO and Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution and violating California state law and common law. It is additionally alleged herein that Plaintiff XAVIER HERMOSILLO, the brother and close personal relative of Decedent, LUIS HERMOSILLO, contemporaneously witnessed the shooting of his brother, LUIS HERMOSILLO, and suffered severe emotional distress.

///

///

1

## JURISDICTION

2   4.   Plaintiff, XAVIER HERMOSILLO and OLGA HERMOSILLO QUINONES,

3   asserts causes of action under, and for violations of, the following laws and/or legal theories:

4   (a)   Federal Civil Rights Act under 42 U.S.C. Sections 1983, 1985, 1986, and

5   1988;

6   (b)   The Fourth Amendment of the United States Constitution;

7   (c)   The Fourteenth Amendment of the United States Constitution;

8   (d)   Assault and Battery;

9   (e)   Negligence (Including Negligent Tactics); and

10   (f)   Negligent Infliction of Emotional Distress.

11   5.   This is an action to redress the deprivation of rights under color of law, statute,

12   ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the

13   Plaintiffs by the Fourth, and Fourteenth Amendments to the Constitution of the United States

14   (42 U.S.C. Section 1983) and arising under the law and statutes of the State of California and

15   common law legal theories.

16

## VENUE

17   6.   This action is properly filed in the Orange County Superior Court, as Defendants

18   reside, and all incidents, events, occurrences, and injuries complained of herein were occurred

19   and were suffered, in Orange County, California. Each Plaintiff herein timely and properly

20   presented Government Claims (tort claims) pursuant to Cal. Gov. Code §910, *et seq*. All

21   Plaintiffs timely presented a Government Claim within six months of the shooting incident.

22   Said Government Claims were presented but have not been rejected to date and more than 45

23   days have passed since presentation of the Government Claims and this action is timely filed

24   within all applicable statutes of limitations. [California Gov't Code Sections 912.4 and 912.6].

25   Venue is further proper as the amount in controversy exceeds $25,000.00.

26

## PARTIES

27   7.   Plaintiffs XAVIER HERMOSILLO and OLGA HERMOSILLO QUINONES

28   were residents of the County of Orange, State of California during all times relevant hereto at

3

1   the time of the injuries and damages suffered related to the police shooting incident of August

2   21, 2019.

3       8.    Decedent, LUIS HERMOSILLO was and at all times herein mention a resident

4   of the County of Orange, State of California until his untimely death on August 21, 2019.

5   Decedent, LUIS HERMOSILLO is the natural son of Plaintiff OLGA HERMOSILLO

6   QUINONES and natural brother of XAVIER HERMOSILLO.

7       9.    At all times mentioned herein, Defendants DEPUTY RENZI, DEPUTY

8   FAOUR, DEPUTY KOCHER, and DOES 1-100, are and were, duly sworn police officers

9   employed by Defendant COUNTY OF ORANGE. At all times herein mentioned, Defendants

10   DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 were acting in

11   their individual and/or, in the alternative, their official capacities and in the course and scope

12   of their employment with Defendant COUNTY OF ORANGE. Defendant COUNTY OF

13   ORANGE provided Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER,

14   and DOES 1-100 with the accoutrements of their employment including their Sheriff's

15   Department uniforms, their badges and their COUNTY OF ORANGE issued firearms.

16       10.    At all times mentioned herein, Defendants COUNTY OF ORANGE (hereinafter

17   sometimes referred to herein as "ORANGE" or "COUNTY") and ORANGE COUNTY

18   SHERIFF'S DEPARTMENT (hereinafter sometimes referred to herein as "OCSD") are public

19   entities duly organized and existing under and by the laws of the State of California that

20   employed ORANGE Sheriff's deputies, including Defendants DOES 1-100. Defendant

21   COUNTY OF ORANGE sometimes acted herein through their departments or agencies

22   including the OCSD.

23       11.    At all times mentioned herein, Defendant COUNTY OF ORANGE had the

24   OCSD, the Department where the County of Orange Sheriff's Deputies, including DOE

25   Defendants, who shot and killed Decedent LUIS HERMOSILLO. Defendants DEPUTY

26   RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 were employed within the

27   course and scope of their employment at the time that they shot Decedent, LUIS

28   HERMOSILLO.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

12.     Plaintiffs are informed and believe, and thereon allege, that Defendants DOES 1-100, including COUNTY OF ORANGE Sheriff's Deputies were and are, and at all times herein mentioned were, duly appointed and acting as police officers/officers for Defendant COUNTY OF ORANGE, and were at all material times acting under color of state law, and as the employees, agents and representatives of every other Defendant. Defendants DOES 1-100 were acting under color of law and within the course and scope of their employment, including but not limited to under California Government Code §§815.2, 820 and 825, on or about the August 21, 2019 date of the incident. Defendant COUNTY OF ORANGE is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100, as alleged herein. By the filing of this Complaint, Plaintiffs, and each of them do hereby sue all Defendants, including Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 and any Defendant COUNTY OF ORANGE Sheriff's Deputy who shot Decedent, LUIS HERMOSILLO, including Defendants DOES 1-100.

13.     At all times mentioned herein, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 as alleged herein, were acting within the course and scope of their employment and under color of law as a supervisor, commander, officer, sergeant, captain, commander, and/or civilian employee of Defendant COUNTY OF ORANGE, and each of them was authorized by Defendant COUNTY OF ORANGE to perform the duties and responsibilities of sworn police officers of and for these Defendants, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as supervisor, commander, officer, sergeant, captain, commander. DOE Defendants, as alleged herein, are sued herein in their individual capacity and in their official capacity as a police officers, supervisor, commander, officer, sergeant, captain and/or as other employees of Defendant COUNTY OF ORANGE, respectively.

///

///

14. DOE Defendants encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them.

15. At all times relevant herein, DOE Defendants ratified unlawful customs and practices and encouraged its police officers to use unreasonable and/or excessive force and false arrests lacking probable cause. Said misconduct was encouraged, tolerated and condoned by Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100, and each of them.

16. At all times relevant to the present complaint, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100, were acting within their capacity as employees, agents, representatives and servants of Defendants COUNTY OF ORANGE and ORANGE COUNTY SHERIFF'S DEPARTMENT, which is liable under the doctrine of *Respondeat Superior*, pursuant to Sections 815.2, 820 and 825 of the California Government Code, et.al.

17. The true names of Defendants DOES 1 to 100, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein. Defendants DOES 1 to 100 include, but are not limited to, any and all Sheriff's Deputies who used force on, seized, shot Decedent, LUIS HERMOSILLO, as well as any and all supervisors, commanders, officers, sergeants, captains, lieutenants, and/or civilian employees of Defendant COUNTY OF ORANGE, including within the OCSD.

18. Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful

PLAINTIFFS' COMPLAINT FOR DAMAGES

1 | conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to
2 | initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful
3 | conduct that occurred by agents and peace officers under their direction and control. Whenever
4 | and wherever reference is made in this Complaint to any act by a Defendant, such allegation
5 | and reference shall also be deemed to mean the acts and failures to act of each Defendant
6 | individually, joint, and severally. They are sued in their individual and official capacities and
7 | in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask
8 | leave of this Court to amend this Complaint to allege such name and responsibility when that
9 | information is ascertained. Each of Defendants is the agent of the other and the actions of each
10 | of the Defendants were ratified by the other Defendants.

11 | **GENERAL ALLEGATIONS**

12 | 19.    On or about August 21, 2019, in the evening, Decedent, LUIS HERMOSILLO
13 | was in the backyard of his home in Stanton, California. Plaintiff, OLGA HERMOSILLO
14 | QUINONES thought Decedent, LUIS HERMOSILLO was acting abnormal and called the
15 | police. Plaintiff, OLGA HERMOSILLO QUINONES told dispatch that Decedent suffered
16 | from bi-polar disorder and other mental illnesses.

17 | 20.    When the OCSD deputies arrived at Decedent and Plaintiffs' home, Defendants
18 | DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 entered the
19 | backyard of Plaintiffs' home and at a time when LUIS HERMOSILLO posed no threat to the
20 | life or safety of Defendants or anyone else, they fired a taser at Decedent without any verbal
21 | warnings. Then when Decedent attempted to cut the taser wires with a small knife, Defendants
22 | DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 took out their
23 | guns and began to fire at Decedent, again without warning, shooting him dead.

24 | 21.    On August 21, 2019, Decedent, LUIS HERMOSILLO's mother, Plaintiff
25 | OLGA HERMOSILLO QUINONES, contemporaneously witnessed Defendants DEPUTY
26 | RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 shoot her son, Decedent,
27 | LUIS HERMOSILLO, and Plaintiff OLGA HERMOSILLO QUINONES suffered severe
28 | emotional distress as a result.

1    22.    On August 21, 2019, Decedent, LUIS HERMOSILLO's brother, Plaintiff

2  XAVIER HERMOSILLO, contemporaneously witnessed Defendants DEPUTY RENZI,

3  DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100 shoot his brother, Decedent, LUIS

4  HERMOSILLO, and Plaintiff XAVIER HERMOSILLO suffered severe emotional distress as

5  a result.

6    23.    Plaintiffs are informed and believe, and upon such information and belief allege,

7  that Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-

8  100 utilized negligent tactics, failed to appropriately warn of use of force and violated

9  Defendant COUNTY OF ORANGE and OCSD's Policies and Procedures for use of force

10  including deadly force and other use of force and other policies and procedures.

11    24.    Decedent, LUIS HERMOSILLO did not present a risk of imminent threat of

12  death or great bodily injury to any of these defendant officers, or anyone else to justify the use

13  of lethal deadly force.

14    25.    At the time of the shooting Decedent, LUIS HERMOSILLO was not engaged

15  in the commission of a crime and, under the United States Constitution and the cases

16  interpreting it, had rights including a liberty interest to be free in one's person from unlawful

17  search and seizure of one's person and a right not to be subjected to the use of unreasonable

18  and/or excessive force by police officers against him.

19    26.    Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and

20  DOES 1-100, and each of them, discharged their firearms recklessly, intentionally, tortuously,

21  with deliberate indifference and/or negligently, with the intent to kill and/or commit serious

22  bodily injury upon, Decedent, LUIS HERMOSILLO and to violate his civil rights.

23    27.    As a direct and proximate result of the aforementioned acts of Defendants

24  DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-100, Plaintiffs

25  XAVIER HERMOSILLO and OLGA HERMOSILLO QUINONES suffered injuries and

26  damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified

27  herein, as well as under state law and common law.

28  ///

# FIRST CAUSE OF ACTION

## FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW
### (42 U.S.C. SECTION 1983)

**(By Plaintiff, Olga Hermosillo Quinones, Individually As Heir At Law And Successor In Interest To Luis Hermosillo Against All Defendants)**

28.     Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

29.     This action is brought pursuant to 42 U.S.C. Section 1983, the Fourth and the Fourteenth Amendments of the United States Constitution, for an unreasonable seizure of the person including the use of unreasonable and excessive force; violation of liberty interest; and unreasonable use of deadly force by Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50 against Decedent, LUIS HERMOSILLO.

30.     On August 21, 2019, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, acting in their individual capacities and under color of state law, intentionally used unreasonable and excessive force, including without any verbal warning, intentionally using deadly force and shot Decedent, LUIS HERMOSILLO, in violation of 42 U.S.C. §1983, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Unreasonable, unnecessary and/or excessive force was used by Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, who were acting in their individual capacities, under color of law and authority and in the course and scope of their employment with Defendant COUNTY OF ORANGE and OCSD.

31.     Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, had an obligation to only use reasonable force rather than to use unreasonable, unnecessary or excessive force. This obligation included, but was not limited to, the obligation to use appropriate tactics regarding verbalization; de-escalation; not shooting at an unarmed person; containment and other appropriate police tactics before resorting to utilizing deadly force. Defendants DEPUTY RENZI, DEPUTY FAOUR,

9

1    DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, were trained only to use

2    deadly force only in the direst of circumstances, only after all other means of taking into

3    custody have been exhausted and only as a last resort.

4        32.    The aforementioned acts of Defendants DEPUTY RENZI, DEPUTY FAOUR,

5    DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, were malicious, willful,

6    oppressive and despicable conduct as herein alleged, as each aforementioned defendant acted

7    with a conscious disregard of the rights and safety of Decedent, LUIS HERMOSILLO and

8    said defendants acted with the specific intent to injure and kill Decedent, LUIS

9    HERMOSILLO Plaintiffs are therefore entitled to punitive damages in an amount sufficient

10   to punish and make an example of these aforementioned individual Defendants, and, in order

11   to promote greater safety and provide an incentive for said defendants and others so situated

12   to not engage in such

13   conduct.

14       33.    As a direct and proximate result of said constitutional violations, tortious acts,

15   omissions or conduct of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY

16   KOCHER, and DOES 1-50, inclusive, Decedent LUIS HERMOSILLO was killed, and

17   Plaintiff OLGA HERMOSILLO QUINONES sustained and incurred damages.

18       34.    Plaintiff OLGA HERMOSILLO QUINONES having the right of survivorship,

19   seeks all damages for the pain, suffering, anxiety, fear of impending death and severe

20   emotional distress that Decedent LUIS HERMOSILLO suffered before his death, in a sum to

21   be determined according to proof. Plaintiff OLGA HERMOSILLO QUINONES having the

22   right of survivorship, also seeks all damages for the loss of the value of his life to himself of

23   LUIS HERMOSILLO, including the loss of the value of the rest of his life to himself (full life

24   expectancy) of Decedent LUIS HERMOSILLO, in a sum to be determined according to proof.

25   Plaintiff OLGA HERMOSILLO QUINONES seeks damages for funeral and burial expenses

26   of Decedent LUIS HERMOSILLO in a sum to be determined according to proof.

27       35.    As a direct and proximate result of said tortious acts, omissions or conduct of

28   Defendants, and each of them, Plaintiff OLGA HERMOSILLO QUINONES'S son, Decedent

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   LUIS HERMOSILLO died and Plaintiff OLGA HERMOSILLO QUINONES has sustained
2   and incurred, and is certain in the future to sustain and incur losses, injuries, and damages
3   which are itemized as follows:

    a) Funeral and burial expenses in a sum to be determined according to proof. Plaintiffs
       will request leave of Court to determine the total amount thereof, once the same has
       been ascertained;

    b) The value of Decedent's financial support to be determined according to proof; and

    c) Plaintiffs have been deprived of the services, love, society, care, comfort,
       protection, companionship and affection of Decedent LUIS HERMOSILLO, he
       having been a loving and devoted son, all to Plaintiff OLGA HERMOSILLO
       QUINONES' loss and general damage in a sum in excess of the minimum
       jurisdictional limits of this court.

    36.    As a direct and proximate result of the aforementioned acts of Defendants, and
each of them, Plaintiff OLGA HERMOSILLO QUINONES also suffered the following
injuries and damages which are recoverable by Plaintiff OLGA HERMOSILLO QUINONES
the Federal Civil Rights statutes identified herein:

    a) Violation of constitutional rights under the Fourth, and Fourteenth Amendments to
       the United States Constitution to be free from unreasonable search and seizure of the
       person of Decedent LUIS HERMOSILLO and denial of Equal Protection and Due
       Process of Law;

    b) Conscious physical pain, suffering, and emotional trauma suffered by Decedent
       LUIS HERMOSILLO;

    c) Medical bills and expenses prior to death;

    d) Loss of financial support, income and lost earning capacity; and

    e) Attorneys' fees and costs pursuant to 42 U.S.C. §1988.

///
///
///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION
### FOR VIOLATION OF SUBSTANTIVE DUE PROCESS
### (42 U.S.C. §1983)

**(By Plaintiff, Olga Hermosillo Quinones, Individually As Heir At Law And Successor In Interest To Luis Hermosillo Against All Defendants)**

37.     Plaintiffs hereby repeat, re-allege and incorporate each, and every allegation of every paragraph above as though fully set forth herein.

38.     Decedent, LUIS HERMOSILLO and Plaintiffs XAVIER HERMOSILLO and OLGA HERMOSILLO QUINONES each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted government interference in Decedent, LUIS HERMOSILLO and Plaintiffs LUIS HERMOSILLO' and OLGA HERMOSILLO QUINONES' familial relationship.

39.     More specifically, the use of force by the aforementioned defendants, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, acting in their individual capacities and under color of state law, was so outrageous that it shocks the conscience because Decedent, LUIS HERMOSILLO was shot by Defendants DOES 1-50 the officers could all see that he posed no imminent threat to anyone and were told was mentally ill.

40.     Decedent, LUIS HERMOSILLO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

41.     The aforementioned actions of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them and along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, LUIS HERMOSILLO, and/or with purpose to harm unrelated to any legitimate law enforcement objective. Defendants DEPUTY

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, had time to

2  deliberate regarding the use of force and the use of deadly force and they acted with deliberate

3  indifference to the constitutional rights of Decedent, LUIS HERMOSILLO by issuing no

4  warning and then using unjustified deadly force against Decedent, LUIS HERMOSILLO while

5  his close family members, his mother, OLGA HERMOSILLO QUINONES, and brother,

6  XAVIER HERMOSILLO contemporaneously witnessed the Defendants' unconstitutional use

7  of excessive and unreasonable force against, Decedent, LUIS HERMOSILLO and, as a direct

8  result, Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO suffered

9  severe emotional distress.

10      42.    As a direct and proximate result of these actions by Defendants DEPUTY

11  RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of

12  them, Decedent LUIS HERMOSILLO experienced pain, suffering, anxiety, fear of impending

13  death and extreme emotional distress and died.  Defendants DEPUTY RENZI, DEPUTY

14  FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, all thus violated

15  the substantive due process rights of the Plaintiffs OLGA HERMOSILLO QUINONES and

16  XAVIER HERMOSILLO to be free from unwarranted interference with their familial

17  relationship with Decedent LUIS HERMOSILLO.

18      43.    As a direct and proximate cause of the acts of Defendants DEPUTY RENZI,

19  DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them,

20  Plaintiffs have suffered emotional distress, mental anguish, and pain. Plaintiffs OLGA

21  HERMOSILLO QUINONES and XAVIER HERMOSILLO have also been deprived of the

22  life-long love, companionship, comfort, support, society, care, and sustenance of Decedent

23  LUIS HERMOSILLO, and will continue to be so deprived for the remainder of their natural

24  lives.

25      44.    The conduct of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY

26  KOCHER, and DOES 1-50, inclusive, and each of them was willful, wanton, malicious, and

27  was done with reckless disregard for the rights and safety of Decedent LUIS HERMOSILLO

28  and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   Defendants DOES 1 to 50, inclusive, and each of them

2       45.    Defendants DOES 50-100, inclusive, and each of them, are each liable for

3   Decedent LUIS HERMOSILLO's injuries, either because they engaged in the above conduct;

4   because they° were integral participants in the above conduct; or because they failed to

5   intervene to prevent the above conduct. Plaintiffs OLGA HERMOSILLO QUINONES and

6   XAVIER HERMOSILLO each bring this claim individually.

7                        **THIRD CAUSE OF ACTION**

**FOR MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL**

8   **CUSTOM OR POLICY - (42 U.S.C. § 1983);**

9   **(By All Plaintiffs Against County of Orange,**

**Orange County Sheriff's Department And Does 50 through 100)**

10

11      46.    Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of

12  each and every paragraph above as though fully set forth herein.

13      47.    On information and belief, the unjustified shooting of LUIS HERMOSILLO by

14  Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, was

15  found to be within COUNTY OF ORANGE and OCSD policy.

16      48.    On information and belief, the unjustified shooting of LUIS HERMOSILLO by

17  Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, was

18  ratified by COUNTY OF ORANGE and OCSD supervisorial officers.

19      49.    On information and belief Defendants DEPUTY RENZI, DEPUTY FAOUR,

20  DEPUTY KOCHER, and DOES 1-50, were not disciplined for the unjustified shooting of

21  DECEDENT.

22      50.    On and for some time prior to August 21, 2019 (and continuing to the present

23  date), Defendants COUNTY OF ORANGE and OCSD and DOES 50-100, acting with gross

24  negligence and with reckless and deliberate indifference to the rights and liberties of the public

25  in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and

26  comparable position in particular, knowingly maintained, enforced and applied an official

27  recognized custom, policy, and practice of:

28      a)  Employing and retaining as deputy sheriffs and other personnel, including

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, whom Defendants COUNTY, OCSD and Does 50-100 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written OCSD policies, including the use of excessive force;

b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY and OCSD employees and other personnel, including Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, whom Defendants COUNTY, OCSD and Does 50-100 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, who are sheriff deputies and/or agents of COUNTY and OCSD;

d) By failing to discipline COUNTY and OCSD sheriff deputies and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

e) By ratifying the intentional misconduct of DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER and other OCSD sheriff deputies and/ or agents, who are OCSD sheriff deputies and/or agents of COUNTY;

f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY, OCSD and Does 50-100 knew maintained with a deliberate indifference to individuals' safety and rights; and

g) By failing to properly investigate claims of unlawful detention and excessive force by COUNTY sheriff deputies.

PLAINTIFFS' COMPLAINT FOR DAMAGES

51.    By reason of the aforementioned policies and practices of Defendants COUNTY, OCSD and Does 50-100, DECEDENT was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COUNTY in allowing its police officers to use unjustified, excessive and unreasonable deadly force in shooting unarmed persons who had fired no shots with no punishment for the involved police officers was a moving force that caused Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER to use unreasonable deadly force on DECEDENT, who was also unarmed and fired no shots at Defendants nor otherwise, presented an imminent danger to Defendants or others.

52.    Defendants COUNTY, OCSD and Does 50-100, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

53.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants Does 50-100 acted with intentional, reckless, and callous disregard for the life of Decedent and for Decedent's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY, OCSD and Does 50-100were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

54.    The actions of each of Defendants Does 50-100 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 1-10.

55.    By reason of the aforementioned acts and omissions of Defendants COUNTY, OCSD and Does 50-100, Plaintiffs were caused to incur damages as stated elsewhere herein.

56. By reason of the aforementioned acts and omissions of Defendants COUNTY, OCSD and Does 50-100, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

57. Accordingly, Defendants COUNTY, OCSD and Does 50-100 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

58. Plaintiffs seek both wrongful death damages and survival damages under this claim. Plaintiffs further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

## FOURTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

**(By Plaintiff, Olga Hermosillo Quinones, Individually As Heir At Law And Successor In Interest To Luis Hermosillo Against All Defendants)**

59. Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

60. Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, assaulted and battered the Decedent LUIS HERMOSILLO, proximately causing LUIS HERMOSILLO's death. Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, engaged in an unauthorized, unconsented to touching of Decedent LUIS HERMOSILLO and utilized unreasonable, unnecessary and excessive force. Decedent LUIS HERMOSILLO did not pose an immediate threat to the life of or serious bodily injury to Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50. Despite this, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, without issuing a warning, unjustifiably and unnecessarily shot and killed Decedent LUIS HERMOSILLO.

61. Defendants COUNTY OF ORANGE and OCSD are liable for the actions of the Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, in assaulting, battering and killing of Decedent LUIS HERMOSILLO as, at all times

17

mentioned herein, Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, were acting within the course and scope of their employment and/or agency with Defendants COUNTY OF ORANGE and OCSD. As such Defendants COUNTY OF ORANGE and OCSD are liable in *Respondeat Superior* for the injuries caused by the acts and omissions of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them pursuant to California Government Code §815.2 and 820.

62.     As a direct and proximate result of said tortious acts, omissions or conduct of Defendants, and each of them, Plaintiff OLGA HERMOSILLO QUINONES' son, Decedent LUIS HERMOSILLO died and Plaintiff OLGA HERMOSILLO QUINONES has sustained and incurred, and is certain in the future to sustain and incur losses, injuries, and damages which are itemized as follows:

    a)     Funeral and burial expenses in a sum to be determined according to proof. Plaintiffs will request leave of Court to determine the total amount thereof, once the same has been ascertained;

    b)     The value of decedent's financial support to be determined according to proof; and

    c)     Plaintiff has been deprived of the services, love, society, care, comfort, protection, companionship and affection of Decedent LUIS HERMOSILLO, he having been a loving and devoted son, all to Plaintiff OLGA HERMOSILLO QUINONES' loss and general damage in a sum in excess of the minimum jurisdictional limits of this court.

63.     The aforementioned acts of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, were malicious, willful, oppressive and despicable conduct as herein alleged, as each aforementioned defendant acted with a conscious disregard of the rights and safety of Decedent LUIS HERMOSILLO and said defendants acted with the specific intent to injure and kill Decedent LUIS HERMOSILLO. Plaintiff OLGA HERMOSILLO QUINONES is therefore entitled to punitive damages in an

amount enough to punish and make an example of these aforementioned individual Defendants, and, in order to promote greater safety and provide an incentive for said defendants and others so situated to not engage in such conduct.

64. As a direct and proximate cause of the acts of Defendants and each of them, Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO suffered severe emotional distress. At all times herein mentioned, the intent of Defendants in assaulting Decedent, LUIS HERMOSILLO was transferred as well to Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO and placed them in fear and apprehension such as to constitute an assault on Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO as well.

65. As a direct and proximate result of said tortious acts, omissions or conduct of Defendants, and each of them, Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO have sustained and incurred, and are certain in the future to sustain and incur losses, injuries, and damages to be determined according to proof.

## FIFTH CAUSE OF ACTION
### FOR WRONGFUL DEATH/SURVIVAL BASED ON NEGLIGENCE (INCLUDING NEGLIGENT TACTICS)
**(By Plaintiff Olga Hermosillo Quinones, Individually, As An Heir-At-Law And As Successor In Interest To Luis Hermosillo Against All Defendants)**

66. Plaintiff hereby repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

67. Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, had a duty to Decedent LUIS HERMOSILLO and Plaintiffs to comply with California Police Officers Standard Training, national standards for use of force and their own police departments' training mandated for tactical firearms training; to not utilize careless or reckless police tactics that could create a dangerous circumstance or heighten a situation of danger that could result in the use of unnecessary force; to comply with OCSD and national and their respective police departments' training mandated for tactical firearms training; to not cause discharge of their firearm unless it was justified under the

1 circumstances; to respond appropriately to persons they may believe are a possible suspect of
2 an offense without choosing to use deadly force before determining if the decedent posed an
3 immediate threat to the safety of the officers or to others. Defendants DEPUTY RENZI,
4 DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, had a
5 duty to Decedent LUIS HERMOSILLO and Plaintiffs to use appropriate tactics regarding
6 verbalization, de-escalation, not shooting into vehicles, calling for back-up, use of less-than-
7 lethal force, techniques and weapons, containment, issuing verbal warnings and other
8 appropriate police tactics before resorting to utilizing deadly force. Defendants DEPUTY
9 RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of
10 them, were trained only to use deadly force only in the direst of circumstances, only after all
11 other means of taking into custody have been exhausted and only as a last resort.

12    68.    Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and
13 DOES 1-50, inclusive, and each of them, breached their duties by using excessive, unnecessary
14 and deadly force against Decedent LUIS HERMOSILLO, negligently using improper tactics
15 and breaching their duties set forth above and in California Police Officers Standard Training,
16 accepted national standards, and OCSD Policies and Procedures manual and training including
17 in regards to the use of force and the use of deadly force, proximately causing the death of
18 Decedent LUIS HERMOSILLO.

19    69.    As a direct and legal result of the aforesaid negligence, carelessness and
20 unskillfulness of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and
21 DOES 1-50, inclusive, inclusive, and each of them, and as a result of their breach of duty of
22 care to Decedent LUIS HERMOSILLO, Defendants DEPUTY RENZI, DEPUTY FAOUR,
23 DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them proximately caused the
24 death of LUIS HERMOSILLO, and damages to Plaintiff OLGA HERMOSILLO QUINONES.

25    70.    As a direct and proximate result of said tortious acts, omissions or conduct of
26 Defendants, and each of them, Plaintiff OLGA HERMOSILLO QUINONES' son, Decedent
27 LUIS HERMOSILLO died and Plaintiff OLGA HERMOSILLO QUINONES has sustained
28 and incurred, and is certain in the future to sustain and incur losses, injuries, and damages

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

which are itemized as follows:

    a)    Funeral and burial expenses in a sum to be determined according to proof, Plaintiffs will request leave of Court to determine the total amount thereof, once the same has been ascertained;

    b)    The value of decedent's financial support to be determined according to proof; and

    c)    Plaintiff has been deprived of the services, love, society, care, comfort, protection, companionship and affection of Decedent LUIS HERMOSILLO, he having been a loving and devoted son, all to Plaintiff OLGA HERMOSILLO QUINONES' loss and general damage in a sum in excess of the minimum jurisdictional limits of this court.

71.    The aforementioned acts of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and each of them, were malicious, willful, oppressive and despicable conduct as herein alleged, as each aforementioned defendant acted with a conscious disregard of the rights and safety of Decedent LUIS HERMOSILLO and said defendants acted with the specific intent to injure and kill Decedent LUIS HERMOSILLO. Plaintiff OLGA HERMOSILLO QUINONES is therefore entitled to punitive damages in an amount enough to punish and make an example of these aforementioned individual Defendants, and, in order to promote greater safety and provide an incentive for said defendants and others so situated to not engage in such conduct

### SIXTH CAUSE OF ACTION
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(By All Plaintiffs Against DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive)**

72.    Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

73.    On August 21, 2019, Decedent, LUIS HERMOSILLO was shot by Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, and Decedent, LUIS HERMOSILLO was killed as a result.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

74. Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, were negligent and careless in the use of their firearms, including being careless in the handling of the firearm and in the firing of the firearm that was unjustified under the circumstances. Defendants were unreasonable in failing to use appropriate tactics regarding verbalization, de-escalation, calling for back-up, use of less-than-lethal force, techniques and weapons, containment, issuing verbal warnings and other appropriate police tactics before resorting to utilizing deadly force. Defendants COUNTY OF ORANGE, OCSD and DOES 51-100 likewise breached its duty of due care in their hiring, training and supervision of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, including in the training in use of the firearm.

75. Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO were in the immediate vicinity of Decedent, LUIS HERMOSILLO and Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, at that time that Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, shot Decedent, LUIS HERMOSILLO, and Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO contemporaneously witnessed and perceived the injury producing shooting event incident both visibly and audibly.

76. At the time of the negligent and deadly conduct of Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, as set forth above, Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO were contemporaneously aware that the conduct was causing injury to their close relative, son and brother, Decedent, LUIS HERMOSILLO because Plaintiffs OLGA HERMOSILLO QUINONES and XAVIER HERMOSILLO contemporaneously witnessed the gun shots and heard the shots fired and also heard the moaning of Decedent, LUIS HERMOSILLO who was struck with the bullets that caused his death.

77. As a direct and proximate result of contemporaneously witnessing the injury to Decedent, LUIS HERMOSILLO, caused by the negligent and careless conduct of Defendants COUNTY OF ORANGE, OCSD and DEPUTY RENZI, DEPUTY FAOUR, DEPUTY

1    KOCHER, and DOES 1-100, and each of them, Plaintiffs OLGA HERMOSILLO QUINONES

2    and XAVIER HERMOSILLO sustained severe emotional distress, including Post Traumatic

3    Stress Disorder (PTSD), psychological trauma and other damages in an amount to be proven

4    according to proof at the time of trial.

5    ## SEVENTH CLAIM FOR RELIEF
     ## FOR VIOLATION OF THE SECTION 52.1 OF THE CALIFORNIA CIVIL CODE
6    ### (Bane Act Violations)
7    ### (All Plaintiffs against all Defendant)

8        78.    Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of

9    each and every paragraph above as though fully set forth herein

10       79.    This action is brought pursuant to section 52.1 of the California Civil Code.

11   The present action is also brought pursuant to section 820 and 815.2 of the Government

12   Code. Pursuant to section 820 of the California Government Code, as a public employee,

13   Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50,

14   inclusive, are liable for injuries caused by their acts or omissions to the same extent as a

15   private person.

16       80.    At all times mentioned herein, Defendants DEPUTY RENZI, DEPUTY

17   FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, were acting within the course and

18   scope of their employment and/or agency with Defendants COUNTY OF ORANGE and

19   OCSD. As such defendant Defendants COUNTY OF ORANGE and OCSD are liable in

20   respondeat superior for the injuries caused by the acts and omissions of Defendants

21   DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, pursuant to

22   section 815.2 of the California Government Code.

23       81.    DECEDENT LUIS HERMOSILLO was subjected to excessive force by

24   Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, in

25   the form of gunshots fired by said defendants which struck DECEDENT and caused him

26   serious personal injuries from which he eventually died. The shooting was unreasonable

27   and unwarranted as the circumstances under which the shooting occurred did not require

28   the use of any force whatsoever. As an unreasonable use of force, the shooting constituted

23

1   a violation of LUIS HERMOSILLO's constitutional rights against unreasonable searches

2   and seizures protected by the Constitution of the State of California.

3        82.   All of the above acts and omissions of Defendants DEPUTY RENZI,

4   DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-50, were willful, wanton, malicious

5   and oppressive thereby justifying the awarding of exemplary and punitive damages as to

6   said defendant.

7        83.   As a proximate result of the acts of Defendants DEPUTY RENZI, DEPUTY

8   FAOUR, DEPUTY KOCHER, and DOES 1-50, LUIS HERMOSILLO suffered multiple

9   gunshot wounds which caused him severe injuries from which he eventually died.

10       84.   The above acts of defendants violated LUIS HERMOSILLO's civil rights as

11   protected by section 52.1 of the Civil Code.

12       85.   As such, Plaintiffs are entitled to compensatory damages according to proof,

13   including those permitted by Section 52 of the Civil Code, punitive and exemplary

14   damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by

15   the Civil Code section 51.7 and 52, and any other additional relief that the court deems

16   proper.

17                      **PRAYER**

18      WHEREFORE, PLAINTIFFS, XAVIER HERMOSILLO and OLGA HERMOSILLO

19   QUINONES, and each of them, hereby demand the following relief, against all of the

20   Defendants:

21     1. Compensatory general and special damages, including both survival damages and

22        wrongful death damages, in the amount to be proven at trial;

23     2. For funeral and burial expenses, and loss of financial support;

24     3. Reasonable attorneys' fees and expenses of litigation, including those fees permitted

25        by 42 U.S.C. §1988; Attorney fees Awards Act of 1976, 42 U.S.C. §1983 and

26        California Civil Code §52;

27     4. Compensatory general damages for severe emotional distress, anxiety, fear and all

28        other non-economic damages, in the amount to be proven at the time of trial;

5. Punitive and exemplary damages pursuant to California <u>Civil Code</u> §3294 against Defendants DOES 1 to 50 only;

6. Costs of suit necessarily incurred herein;

7. Prejudgment interest according to proof;

8. Pre-Judgment and Post-Judgment interest; and

9. Such other and further relief as the Court deems just and proper.

Dated: March 4, 2020                    **GUIZAR, HENDERSON & CARRAZCO, LLP**

BY: _____
ANGEL CARRAZCO, JR.
HUMBERTO GUIZAR
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: March 4, 2020                    **GUIZAR, HENDERSON & CARRAZCO, LLP**

BY: _____
ANGEL CARRAZCO, JR.
HUMBERTO GUIZAR
Attorneys for Plaintiffs

# EXHIBIT B

# LYNBERG & WATKINS

WWW.LYNBERG.COM

**LOS ANGELES**

1150 S. Olive Street
Eighteenth Floor
Los Angeles, CA 90015
Tel  213-624-8700
Fax  213-892-2763

**ORANGE COUNTY**

1100 Town & Country Road
Suite #1450
Orange, CA 92868
Tel  714-937-1010
Fax  714 937-1003

**SAN DIEGO**

185 West F Street
4th Floor
San Diego, CA 92101
Tel  619-814-2169
Fax  619-356-4968

REPLY TO: **ORANGE COUNTY**

*July 30, 2020*

**VIA PERSONAL SERVICE & EMAIL**
hguizar@ghclegal.com
khenderson@ghclegal.com
acarrazco@ghclegal.com

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq.
GUIZAR, HENDERSON, & CARRAZCO, LLP
3500 West Beverly Blvd.
Montebello, CA 90640

Re:   ***Olga Hermosillo, et al. v. County of Orange, et al.***
Date of Loss:      August 21, 2019
Our File No.:      1793-0269

Dear Counsel:

Please be advised this office represents Defendants County of Orange, the Orange County Sheriff's Department, Deputy Renzi, Deputy Faour, and Deputy Kocher in the above-captioned matter.  We have received and reviewed Plaintiffs Olga Hermosillo and Xavier Hermosillo's Complaint for Damages filed in Orange County Superior Court, Case No. 30-2020-01136190-CU-PO-CJC.  We write to communicate several perceived deficiencies in the Complaint that subject the pleading to a number of pre-answer challenges.  Please allow this correspondence to serve as Defendants' meet and confer attempt, pursuant to Local Rule 7-3, to informally resolve the issues discussed herein, prior to Defendants filing applicable Rule 12 motions, including a Motion to Dismiss, Request for a More Definite Statement, and a Motion to Strike.[1]

---

[1] This action is being removed to federal court on the basis of federal question jurisdiction.  See, 28 U.S.C. §§ 1331, 1441(b), 1367, and 1446.  After removal, Plaintiffs' Complaint will be subject to review under federal pleading standards.  See, Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) ("It is well-settled that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

## I.   Motion to Dismiss for Failure to State a Claim for Relief (*Fed. R. Civ. Proc.* 12(b)(6))

### A.   The Sheriff's Department is a Non-Suable Entity

At the outset, we note that Plaintiffs level six of their seven purported causes of action against the Orange County Sheriff's Department.  (See, Plaintiff's Complaint for Damages, 9:1-11:25, 12:1-14:6, 14:7-17:9, 17:10-19:14, 19:15-21:20, 23:5-24:16).  It is well-settled, however, that a law enforcement department is a non-suable entity inasmuch as it is not a public entity itself, but rather a part of the suable public entity: here, the County.  See, United States v. Kama, 394 F.3d 1236, 1239-1240 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992) (county sheriff's department cannot be sued under section 1983); Moles v. County of Linn, 2004 WL 1490324, at *4 (D. Or. 2004) ("[T]he Linn County Sheriff's Office is not a 'person' subject to liability under section 1983.  Municipal departments, commissions and associations, such as police, sheriff and corrections departments cannot be sued under section 1983."); see also, Vallas v. City of Chula Vista, 56 Cal.App.3d 382, 387-388 (1976) ("We are provided no authority for the position that the police department is a 'public entity' within the meaning of the section. Evidence Code section 200 defines a public entity as 'a nation, state, county, city and county, city, district, public authority, public agency, or any other political subdivision or public corporation, whether foreign or domestic.' While 'public agency' may be a somewhat vague term, its use as a part of a definition of 'public entity' must contemplate a body with some degree of sovereignty.  Each of the listed entities as well as the classification found in the concluding language, 'or any other political subdivision or public corporation,' describes an independent body politic with sovereignty and not a department or office within the entity.  To construe 'public agency' any other way would be to destroy the concept of 'entity.'  We note, too, the Law Revision Commission comment to section 811.2 of the Government Code, which defines 'public entity' in a similar fashion, states the definition 'is intended to include every kind of political or governmental entity in the state.' None of the definitions of 'public agency' we have been able to find would include a department of a city as such. ***We must conclude the police department is merely an integral part of a public entity and not an entity itself***.") (emphasis added).

To better focus Plaintiffs' claims and eliminate the patent ambiguity in their present pleading, Defendants request that Plaintiffs file a First Amended Complaint removing "ORANGE COUNTY SHERIFF'S DEPARTMENT" as a defendant.

/ / /

---

source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.'") (citation omitted).  Accordingly, this correspondence addresses the deficiencies in Plaintiffs' Complaint in light of the federal standards.

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

## B.  Xavier Hermosillo is Not a Proper Plaintiff

In a similar vein, Defendants ask that an amending pleading be filed that eliminates current plaintiff Xavier Hermosillo as a party.  At present, Plaintiff Xavier is a party to the Third Cause of Action (Municipal Liability), Sixth Cause of Action (Negligent Infliction of Emotional Distress), and Seventh Cause of Action (Violation of California Civil Code Section 52.1).  But Plaintiff Xavier cannot pursue any of the alleged theories of recovery.

### i.   Third Cause of Action – "Municipal Liability" (42 U.S.C. § 1983)

Taking each cause of action in order, Plaintiff Xavier does not have standing to sue for alleged "Municipal Liability" in the Third Cause of Action.  (See generally, Complaint for Damages, 14:7-17:9).  "A local governmental entity can be sued under § 1983 where a municipal policy or custom has caused an alleged violation of constitutional rights."  Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1166 (C.D. Cal. 2018) (citing Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690–691 (1978)).  Constitutional rights are personal rights that cannot be vicariously asserted.  See, Herd, supra, 311 F.Supp.3d at 1165; see also, Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (children of…decedent could not maintain personal causes of action on theory that Fourth Amendment had been violated because "[t]he children were not directly subjected to the excessive use of state force and therefore cannot maintain personal causes of action under section 1983 in reliance on this Fourth Amendment theory."); Alderman v. United States, 394 U.S.165,174 (1969) ("Fourth Amendment rights are personal rights which…may not be vicariously asserted.").  At no point in the Third Cause of Action are any facts alleged suggesting even an inference that the conduct of any individual defendant was motivated by a policy, practice, or custom of an entity defendant and thereby violated *Plaintiff Xavier's* specific constitutional rights.  By way of example, Plaintiff Xavier makes no attempt to allege that "excessive force" was used against him personally.

To the extent Plaintiff Xavier may be relying on a theory of "substantive due process," and that some Fourteenth Amendment right was infringed by the killing of his brother, Decedent Luis Hermosillo, this theory is meritless because Plaintiff Xavier does not have standing to advance such a theory.  See, Estate of Crawley v. McRae, 2015 WL 5432787, at *35 (E.D. Cal. 2015) (decedent's siblings "substantive due process claim fails as a matter of law because he has no actionable constitutionally protected interest."); Ward v. City of San Jose, 967 F.2d 280, 284 (9th Cir. 1992) (sibling does not have any constitutionally protected interest in brother's companionship under Section 1983).[2]

---

[2] For this last reason, Plaintiff Xavier likewise does not have standing to make any claim for "Violation of Substantive Due Process" in the Second Cause of Action.  Though Plaintiff Xavier is not identified as a party to this claim in the claim heading, his name does appear at various times and places throughout the

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

Plaintiff Xavier also cannot advance a "Municipal Liability" claim under any "wrongful death" theory.  Only survivor actions—and not "wrongful death" actions—may be brought pursuant 42 U.S.C. § 1983.  See, Herd, supra, 311 F.Supp.3d at 1165; see also, Hernandez v. County of Santa Clara, 2020 WL 3101041, at *3 (N.D. Cal. 2020) ("[T]here is no 'wrongful death' claim under § 1983.") (citing Herd, supra, 311 F.Supp.3d at 1164); A.B. v. City of Santa Ana, 2019 WL 1578380, at *6 (C.D. Cal. 2019) ("'[C]ase law is clear that only survivor action may be brought pursuant to 42 U.S.C. § 1983.'") (quoting Herd, supra, 311 F.Supp.3d at 1165).  Additionally, a "wrongful death" theory is a creature of California state law, and under that law Plaintiff Xavier does not have standing to sue for the "wrongful death" of his brother where Decedent's mother is alive and a party to the case.  See, Code of Civil Procedure § 377.60(a) (identifying the statutory heirs with standing to bring a "wrongful death" action at "[t]he decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession"); see also, California Probate Code § 6402.

While survivorship actions are permitted under 42 U.S.C. § 1983 so long as the state in which the action is filed authorizes such a claim, Plaintiff Xavier has not satisfied the statutory prerequisites for pursuing any survivorship claim in a California court (of any jurisdiction).  In California, a successor in interest who "seeks to commence an action or proceeding" on behalf of a decedent "shall execute and file an affidavit" that conforms with the enumerated requirements of [Code of Civil Procedure] § 377.32(a).  See, Wishum v. California, 2014 WL 3738067, at *2 (N.D. Cal., 2014) ("Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation.").  It is Plaintiff Xavier's burden to prove he meets the state's requirements for bringing a survival action, and he simply has not met his burden of proof.  See, Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir.1998).

For these reasons, Plaintiff Xavier's Third Cause of Action is subject to a Motion to Dismiss.  See, Fed. R. Civ. Proc. 12(b)(6).

ii.   Sixth Cause of Action – Negligent Infliction of Emotional Distress

By rule, "[p]ublic liability for personal injuries is defined and limited by statute." Ramsey v. City of Lake Elsinore, 220 Cal.App.3d 1530, 1536 (1990); Cochran v. Herzog Engraving Co., 155 Cal.App.3d 405, 409 (1984) ("In California, all government tort liability must be based on statute.").  As summarized by the Court of Appeal:

> [In order] to state a cause of action [for government tort liability], ***every fact*** essential to the existence of a statutory

---

claim's text.  (See, Complaint for Damages, ¶¶ 38, 41, 42, 43, 45).  The authorities cited here bar any purported "substantive due process" claim as a matter of law.  See, Estate of Crawley, supra, 2015 WL 5432787, at *35; Ward, supra, 967 F.2d at 284.

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

> liability **must be pleaded with particularity, including the existence of a statutory duty**.  Duty cannot be alleged simply by stating, 'defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact.  The facts showing the existence of the claimed duty must be alleged." [Citation omitted.]  ***"Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' must at the very least be identified [in plaintiff's complaint]."***

Searcy v. Hemet Unified School Dist., 177 Cal.App.3d 792, 802 (1986) (emphasis added).

As a companion rule, suits against public entities and public employees must be pled with particularized facts that give notice to the municipal defendants of what they supposedly did wrong.  Susman v. City of Los Angeles, 269 Cal.App.2d 803, 808 (1969) ("In view of the fact that tort causes of action against public entities are now based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable.  ***Every fact essential to the existence of statutory liability must be pleaded***.") (emphasis added).  Only by pleading specific facts "may the public entity be advised of the factual and legal basis of the claim against it."  Lehto v. City of Oxnard, 171 Cal.App.3d 285, 292-293 (1985).  These pleading rules are applicable to state law claims pursued in federal court.  See, D.K. ex rel. G.M. v. Solano County Office of Educ., 667 F.Supp.2d 1184, 1198 (E.D. Cal. 2009) (citing Searcy with approval and dismissing plaintiffs' state law claim for failure to identify an authorizing statute).

Plaintiff Xavier's Sixth Cause of Action for "Negligent Infliction of Emotional Distress" ("NIED") proceeds as if the foregoing authority had never been published.  Indeed, NIED is not even a stand-alone cause of action under California law—let alone one that meets the statutory authorization requirement in suits against public entities and their employees.  See, Gu v. BMW of N. Am., LLC, 132 Cal.App.4th 195, 204 (2005) ("[T]he California Supreme Court has emphasized that '***there is no independent tort of negligent infliction of emotional distress***.'") (emphasis added); Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993) ("[T]here is no independent tort of negligent infliction of emotional distress.  The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element.") (internal citation omitted); Christensen v. Superior Court, 54 Cal. 3d 868, 884 (1991) ("Negligent infliction of emotional distress is not an independent tort…."); see also, Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989) ("[The] negligent causing of emotional distress is not an independent tort but the tort of negligence….") (quoting 6 Witkin, Summary of Cal. Law, Torts, § 838, p. 195 (9th ed. 1988)); Slaughter v. Legal Process & Courier Serv., 162 Cal.App.3d 1236, 1242 (1984) ("Negligent Infliction of Emotional Distress" is not a stand-alone cause of action, but is instead "a variation of the tort of negligence.").

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

As part of the trade-off for waiving sovereign immunity, California public entities (and consequently, employees) obtained a number of unique rights in civil litigation, including the right to have their liability limited to a finite set of statutory claims, and the right to have the factual allegations against them advanced in a detailed format. See, Zuniga v. Housing Authority of the County of Los Angeles, 41 Cal.App.4th 82, 96 (1995); Searcy, supra, 177 Cal.App.3d at 802; Susman, supra, 269 Cal.App.2d at 808. The intent of the Tort Claims Act was "not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." Williams v. Horvath, 16 Cal.3d 834, 838 (1976).

Here, Plaintiff Xavier's "NIED" claim fails to satisfy California's heightened pleading requirements. The claim is therefore properly subject to a Motion to Dismiss. See, Fed. R. Civ. Proc. 12(b)(6).

   iii.  Seventh Cause of Action – Violation of California Civil Code § 52.1

The Bane Act, codified at California Civil Code § 52.1, provides a cause of action if "a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." In seizure cases, California courts and the Ninth Circuit have clarified that a claim for relief under § 52.1 additionally requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." Reese v. Cty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting Cornell v. City of San Francisco, 17 Cal. App. 5th 766, 801 (2017)). Accordingly, a plaintiff must allege that defendants "intended not only the force, but [also] its unreasonableness." Reese, supra, 888 F.3d at 1045 (internal quotations and citations omitted).

"[The Bane Act] is limited to plaintiffs who themselves have been the subject of violence or threats." Bay Area Rapid Transit Dist. v. Superior Court, 38 Cal.App.4th 141, 144 (1995). Put differently, "a party lacks standing to bring a claim under the Bane Act when the party does not claim to have *personally suffered* a violation of a constitutional or statutory right." (emphasis original). Bresaz v. County of Santa Clara, 136 F.Supp.3d 1125, 1137 (N. D. Cal. 2015). The concomitant rule flowing from this is that "[t]he Bane Act is simply not a wrongful death provision." Bay Area, supra, 38 Cal.App.4th at 144.

Here, Plaintiff Xavier does not make a single factual allegation that any defendant interfered with any of *his rights* by "threat, intimidation, or coercion." (See generally, Complaint for Damages, 23:5-24:16). Instead, Plaintiff's allegations focus exclusively on Decedent Luis Hermosillo being subjected to alleged "excessive force," and alleged violation of "LUIS HERMOSILLO'S civil rights as protected by section 52.1 of the Civil Code." (See, Complaint for Damages, 23:23-24:2, 24:10-11). As Plaintiff

6

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

Xavier has not alleged facts specific to him, and because he cannot pursue this claim under any "wrongful death" theory, he has no standing to pursue this claim as an individual plaintiff.

Plaintiff Xavier also may not presently proceed as a "successor-in-interest" to Decedent's estate on this claim. As discussed above, Plaintiff Xavier has not satisfied the statutory requirements for establishing that he is a recognized "successor-in-interest. (See, Section I.B.i., supra).

Based on the above, Plaintiff Xavier lacks standing on his Seventh Cause of Action, subjecting it to a Motion to Dismiss. See, Fed. R. Civ. Proc. 12(b)(6).

The foregoing discussion establishes that as pled, Plaintiff Xavier is not a proper party to this lawsuit. Defendants therefore request that Plaintiffs voluntarily file and serve an amended complaint that omits Plaintiff Xavier. Otherwise, Defendants will proceed with the above-referenced motion.

## C. Olga Hermosillo Does Not Have Standing as a Successor In Interest

Plaintiff Olga Hermosillo asserts her First, Second, Fourth, and Fifth Causes of Action as "Successor in Interest to Luis Hermosillo." (See, Complaint for Damages, 9:1-4, 12:1-4, 17:10-12, 19:-15-18).[3] These claims implicate federal (First and Second Causes of Action) and state (Fourth and Fifth Causes of Action) theories of recovery. To have standing to pursue any of these theories, Plaintiff Olga is required to execute a statutory declaration that affirms (under penalty of perjury) her legal status as a successor in interest to Decedent's estate. See, Wishum, supra, 2014 WL 3738067, at *2 ("Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation."); Moreland, supra, 159 F.3d at 369 ("The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action.") (citation omitted); see also, Code of Civil Procedure §§ 377.30, 377.32.

As far as we are aware, Plaintiff Olga has not signed or filed the required successor in interest declaration for asserting any survivorship action. She therefore lacks standing in any purported "survivorship" capacity, and her claims to that effect are subject to dismissal. See, Fed. R. Civ. Proc. 12(b)(6).

/ / /

---

[3] It is unclear whether Plaintiff Olga attempts to sue as a successor in interest on the Third Cause of Action for "Municipal Liability" and the Seventh Cause of Action for alleged "Bane Act" violations. (See, Complaint for Damages, 14:7-17:9, 23:5-24:16) (referencing "All Plaintiffs," but failing to specify the capacity in which any plaintiff proceeds). To the extent she is, the discussion herein forecloses any suit by Plaintiff Olga in this capacity.

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

### D. Plaintiff Olga's First Cause of Action Fails to State a Claim for Relief

As best as Defendants can tell, in her First Cause of Action Plaintiff Olga sues "All Defendants" for alleged "excessive force" arising from Deputies Renzi, Faour, and Kocher's alleged interaction with Decedent on August 21, 2019.  As an initial matter, and as discussed above, Plaintiff lacks standing to bring this claim as Decedent's successor in interest.  (See, Section I.C., supra).  Though she claims she is also proceeding "Individually as Heir at Law," no such capacity exists because 42 U.S.C. § 1983 does not provide for "wrongful death" actions.  See, Hernandez, supra, 2020 WL 3101041, at *3 ("[T]here is no 'wrongful death' claim under § 1983.") (citing Herd, supra, 311 F.Supp.3d at 1164); A.B., supra, 2019 WL 1578380, at *6 ("'[C]ase law is clear that only survivor action may be brought pursuant to 42 U.S.C. § 1983.'") (quoting Herd, supra, 311 F.Supp.3d at 1165).

The only remaining avenue for Plaintiff to pursue this claim is for an alleged violation of *her* constitutional rights.  But even a cursory review of the pleading reveals there are **no facts** pled demonstrating an alleged constitutional violation as regards Plaintiff.  Instead, Plaintiff's allegations focus on alleged "excessive force" against Decedent in violation of the Fourth Amendment.  (See, Complaint for Damages, 9:7-10) (stating this action is "brought pursuant to 42 U.S.C. § 1983…for an alleged unreasonable seizure of the person including the use of unreasonable and excessive force…by Defendants…against Decedent LUIS HERMOSILLO.").  Though the claim makes reference to "the Fourteenth Amendment" and "violation of liberty interest" (which appear to be better encompassed in Plaintiff's Second Cause of Action), these allegations do not give rise to any individual "excessive force" claim by Plaintiff Olga.  See, Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) ("If, in a Section 1983 suit, the plaintiff's claims can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'") (citing Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996)); see also, Albright v. Oliver, 510 U.S. 266, 273 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed"); Graham v. Connor, 490 U.S. 386, 395 (1989) ("The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right..."); Eberle v. City of Anaheim, 901 F.2d 814, 820 (9th Cir. 1990) (finding that it is reversible error to give a substantive due process instruction in an excessive force case after the Supreme Court's decision in Graham).[4]

Even if Plaintiff could navigate around the above-described pitfalls, this claim fails as alleged with respect to each and every defendant.

---

[4] For this latter reason, Plaintiff's references to the "Fourteenth Amendment" and "liberty interests" are subject to a Rule 12(f) Motion to Strike, discussed below.

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

### i.   County of Orange

For starters, a municipality, such as the County, is not a proper party to this claim.  It is well settled that a "municipality cannot...be held liable under § 1983 'solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" Herd, supra, 311 F.Supp.3d 1166 (quoting, Monell, supra, 436 U.S. at 691); see, Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403, (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior"; it is only when an explicit or tacit wrongful government "policy or custom" causes government employees to inflict an injury that a government entity may be liable under Section 1983); Sincerny v. City of Walnut Creek, 2017 WL 4642432, at *3 (N.D. Cal. 2017) ("'A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.'") (quoting Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011)). Additionally, only "'a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity'" will support the imposition of municipal liability.  Herd, supra, 311 F.Supp.3d at 1167 (quoting Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005)).

Plaintiff's First Cause of Action fails to set forth any *facts* to support a theory that the County had an unlawful policy, practice, or custom required to maintain a claim against a municipal entity.  From what Defendants can tell, those allegations appear to be reserved for Plaintiff's "Municipal Liability" claim, asserted as Plaintiff's Third Cause of Action.  (See, Complaint for Damages, 14:7-17:9).  As such, we request that Plaintiff remove the County from the First Cause of Action, or otherwise face a Motion to Dismiss.  See, Rodrigues v. County of Orange, 2020 WL 3396619, at *3-4 (C.D. Cal. 2020) (granting Rule 12(b)(6) motion to dismiss "excessive force" claim against county where plaintiff failed to plead facts alleging a municipal policy, practice, or custom caused a constitutional violation).

### ii.   Orange County Sheriff's Department

As discussed in Section I.A., supra, the Sheriff's Department is a non-suable entity.  Plaintiff's "excessive force" claim against it must be dismissed for this reason alone.

### iii.   Deputies Renzi, Faour, and Kocher

Plaintiff's claim against the individual defendants is legally deficient for a number of reasons.  First of all, it is riddled with legal conclusions and other conclusory buzzwords such that it fails to meet basic pleading standards.  At no point does Plaintiff assert any *facts* that speak to the governing standard on an "excessive force" claim: reasonableness under the circumstances.  Instead, Plaintiff make meaningless, bald assertions that Defendants "intentionally used unreasonable an excessive force...in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution."  (See, Complaint for Damages, 9:14-

9

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

17).  She goes on: "Unreasonable, unnecessary, and/or excessive force was used by Defendants DEPUTY RENZI, DEPUTY FAOUR, [and] DEPUTY KOCHER…. ¶ Defendants DEPUTY RENZI, DEPUTY FAOUR, [and] DEPUTY KOCHER…had an obligation to only use reasonable force rather than to use unreasonable, unnecessary, or excessive force."  (See, Complaint for Damages, 9:22-24).  More: "The…acts of Defendants DEPUTY RENZI, DEPUTY FAOUR, [and] DEPUTY KOCHER…were malicious, willful, oppressive and despicable conduct as herein alleged, as each aforementioned defendant acted with a conscious disregard for the rights and safety of Decedent, LUIS HERMOSILLO, and said defendants acted with the specific intent to injure and kill Decedent…."  (See, Complaint for Damages, 10:4-8).

Plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal 556 U.S. 662, 678 (2009); see, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).  Nor are the types of legal conclusions on offer from Plaintiff here sufficient to satisfy federal pleading standards.  See, Iqbal, supra, 556 U.S.at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); Twombly, supra, 550 U.S. at 570 ("courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Making matters worse, Plaintiff fails to specify, with *facts*, what each individual defendant supposedly did wrong and thereby caused Plaintiff's alleged harm.  Instead, she repeatedly refers to the deputies as a group, and thereby deprives each of fair notice and the ability to defend himself effectively.  (See, Complaint for Damages, 9:7-11, 9:12-21, 10:4-9, 10:14-17).  This is unacceptable, as "'[a] plaintiff suing multiple defendants' cannot simply 'lump[ ] defendants ... together' but instead 'must allege the basis of [her] claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2).'"  See, Rendon v. County of Orange, 2019 WL 4284521, at *2 (C.D. Cal. 2019) (internal citation omitted); see also, Salazar v. County of Orange, 2012 WL 12896364, at *2 (C.D. Cal. 2012) (granting Rule 12 motion that "impermissibly lumped together claims and defendants"), aff'd, 564 F.App'x 322 (9th Cir. 2014).  Put differently, "a complaint 'must identify what action each Defendant took that caused [the plaintiff's] harm, without resort to generalized allegations against Defendants as a whole.'"  See, Rendon v. County of Orange, 2020 WL 974940, at *3 (C.D. Cal. 2020) (internal citation omitted).  "When a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'"  Sebastian Brown Prods., LLC v. Muzooka, Inc., 143 F.Supp.3d 1026, 1037 (N.D. Cal. 2015) (quoting Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F.Supp. 3d 945, 964 (N.D. Cal. 2015)).

/ / /

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

Based on the foregoing, Defendants request that Plaintiff agree to voluntarily amend her pleading to cure the deficiencies cited herein, or otherwise face a Motion to Dismiss.  See, Fed. R. Civ. Proc. 12(b)(6).

## E. Plaintiff Olga's Second Cause of Action Fails to State a Claim for Relief

Plaintiff Olga purports to assert her Second Cause of Action as "Successor in Interest to Luis Hermosillo."  (See, Complaint for Damages, 12:1-4).  As discussed above, she has not established herself as a successor in interest to Decedent's estate.  (See, Section I.C., supra).  Even if she had, the theory advanced by Plaintiff in this cause of action is not a proper "survivorship" claim.  *Prior to dying*, Decedent Luis Hermosillo did not have a "substantive due process" claim for alleged interference with his familial relationship with Plaintiff Olga.  While he may have had a claim for "excessive force," as stated above that claim has its textual source in the Fourth Amendment, not the "due process" provisions of the Fourteenth Amendment.  See, Hufford, supra, 249 F.3d at 1151 ("If, in a Section 1983 suit, the plaintiff's claims can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'") (citing Armendariz, supra, 75 F.3d at 1319); see also, Albright, 510 U.S. at 273 ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed"); Graham, supra, 490 U.S. at 395 ("The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right...").  Accordingly, there is no "survivorship" theory applicable to this claim.

In terms of her individual capacity, and giving the Complaint a charitable reading, Plaintiff Olga's attempt to proceed against "All Defendants" falls flat.

### i. County of Orange

This being another claim under 42 U.S.C. § 1983, Plaintiff Olga may not proceed against the County on a *respondeat superior* theory of liability.  See, Herd, supra, 311 F.Supp.3d 1166.  Instead, she much allege *facts* that demonstrate constitutional harm caused by municipal policy, practice, or custom.  Sincerny, supra, 2017 WL 4642432, at *3.  She has not done so.  Indeed, the words "County" or "County of Orange" do not even appear in this case of action.  (See generally, Complaint for Damages, 12:1-14:6).  Accordingly, the claim fails as a matter of law against the County and is subject to dismissal.  See, Rodrigues v. County of Orange, 2020 WL 3396619, at *3-4; see also, Fed. R. Civ. Proc. 12(b)(6).

### ii. Orange County Sheriff's Department

As discussed in Section I.A., supra, the Sheriff's Department is a non-suable entity.  Plaintiff's "excessive force" claim against it must be dismissed for this reason alone.

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

###### iii.   Deputies Renzi, Faour, and Kocher

Similar to her "excessive force" claim, Plaintiff Olga's "Substantive Due Process" claim against the individual deputy defendants fails to state **facts** sufficient to recover against these defendants.  Once again, Plaintiff's pleading is jammed with conclusory phrases and empty legal jargon that merely parrots the language of a "familial association" claim, without providing the required facts.  (See, e.g., Complaint for Damages, ¶ 39 (describing the deputies' use of force as "so outrageous that it shocks the conscience"); ¶ 41 (describing the actions of the deputies as "shock[ing] the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, LUIS HEMOSILLO, and/or with purpose to harm unrelated to any legitimate law enforcement objective.").  This is unacceptable, as threadbare recitals of the elements of a cause of action do not satisfy the federal pleading standards.  See, Iqbal, supra, 556 U.S. 678; Twombly, supra, 550 U.S. 555.

Also similar to her "excessive force" claim, Plaintiff has resorted to lumping together the individual defendants and not alleging **facts** as to who did what wrong to whom.  Without specification as to which defendant did what and supposedly caused harm, Plaintiff's claim fails to meet Rule 8's pleading threshold and subject this claim to a Motion to Dismiss.  See, Rendon, supra, 2019 WL 4284521, at *2 (granting Rule 12 motion to dismiss where plaintiff failed to identify which conduct was attributable to multiple individual defendants, reasoning that "without disaggregation of Plaintiff's lumped allegations," [the defendants] are not on fair notice of the misconduct with which they are respectively charged…").

Based on the foregoing, Defendants request that Plaintiff agree to voluntarily amend her pleading to cure the deficiencies cited herein, or otherwise face a Motion to Dismiss.  See, Fed. R. Civ. Proc. 12(b)(6).

### F.   Plaintiff Olga's Fails to State a Claim for "Municipal Liability"

Plaintiff Olga brings her Third Cause of Action for "Municipal Liability" under 42 U.S.C. § 1983 against the County and the Sheriff's Department.  (See, Complaint for Damages, 14:7-17:9).  As discussed above, OCSD is not a proper defendant and must be dismissed.  (See, Section I.A., supra).  As against the County, Plaintiff Olga does not have standing to pursue this cause of action as a successor in interest to Decedent's estate.  (See, Section I.C., supra).  Nor may she prosecute this purported claim against the County on any "wrongful death" theory.  See, Hernandez, supra, 2020 WL 3101041, at *3 ("[T]here is no 'wrongful death' claim under § 1983.") (citing Herd, supra, 311 F.Supp.3d at 1164); A.B., supra, 2019 WL 1578380, at *6 ("'[C]ase law is clear that only survivor action may be brought pursuant to 42 U.S.C. § 1983.'") (quoting Herd, supra, 311 F.Supp.3d at 1165).  On these grounds alone, Plaintiff's Third Cause of Action fails and must be dismissed.

Plaintiff's cause of action suffers from additional substantive defects warranting dismissal.  She styles this claim as one based on alleged "unconstitutional custom or

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

policy," and stuffs her pleading with a full page of speculative and legally-inadequate allegations about supposed "customs, policies, and practices."  (See, Complaint for Damages, 14:22-15:28).  These fact-bare allegations are surrounded by separate conclusory legal jargon.  (See, e.g., Complaint for Damages, 14:22-25 (alleging the County acted "with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT…"); 16:3-8 ("The aforementioned policies and practices…was a moving force that caused Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER to use unreasonable deadly force on DECEDENT…"); 16:14-16 ("Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated…").

Even a cursory review of the allegations expose this cause of action as one facially devoid of sufficient *facts* showing a particular policy or custom caused a constitutional violation.  Instead, and repeatedly, Plaintiff resorts to fact-bare legal conclusions to advance her claim.  Put plainly, this is not good enough.  A plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Iqbal, supra, 556 U.S. at 678; see, Twombly, 550 U.S. 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  These settled pleading rules apply to "Municipal Liability" claims like Plaintiff's.  See, A.E. ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in Iqbal and Twombly "appl[y] to Monell claims and should govern future pleadings in this case"); see also, Moore v. County of Orange, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); Wilkey v. County of Orange, 2017 WL 11447980, at * (C.D. Cal. 2017) (dismissing Monell claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a *Monell* claim for Section 1983 liability against a municipality…"); Davis v. City of San Jose, 2014 WL 2859189, at *13 (N.D.Cal. 2014) (granting Rule 12 motion to dismiss Monell claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a *Monell* claim.  As such, Plaintiff's allegations are not entitled to a presumption of truth.").

Even under the liberal pleading standards established by Iqbal and Twombly, Plaintiff's barebones allegations fail.  Plaintiff does not allege any *facts* showing that any of the battery of claimed "policies" or "customs" actually exist.  See, Herd, supra, 311 F.Supp.3d at 1168 (Monell claim based on "policy and custom" dismissed where Plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies of customs actually exist."); Johnson v. Baca, 2013 WL 12131358, at *13 (C.D.Cal. 2013) (dismissing Monell claim where the complaint failed "to allege any facts showing the

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

existence of this custom or practice" and did not "allege the substance of the County defendants' current policy or explain why it is inadequate"); Smith v. Stanislaus, 2012 U.S. Dist. LEXIS 9288, *10 (E.D. Cal. 2012) ("[T]o sufficiently state a claim under Monell, plaintiff must allege facts establishing a policy, it is not enough simply to state that there is a policy.").  Nor does Plaintiff allege sufficient facts demonstrating a particular "policy or custom" amounted to "deliberate indifference" that caused an alleged constitutional violation.  See, Herd, supra, 311 F.Supp. at 1168 ("Merely alleging that 'Defendants acted with deliberate indifference' is conclusory and does not show that the alleged deficiencies were 'obvious and the constitutional injury was likely to occur.'") (internal citation omitted); see also, Maldonado v. County of Orange, 2019 WL 6139937, at *2 (C. D. Cal. 2019) (dismissing Monell claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies and practices generally empower excessive force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here."); Rendon, supra, 2019 WL 4284521, at *2 (Monell claim dismissed because "Plaintiff's sole, conclusory allegations of policies or practices that encompass all of Defendants' alleged misconduct is insufficient to state a claim for municipal liability under § 1983."); Moore, supra, 2017 WL 10518114, at *3-4 (Monell claim dismissed: "Moore's Complaint falls short of the requirements for pleading a Monell claim.  Rather than include specific factual allegations, paragraph 57 of Moore's Complaint sets forth a speculative list of various customs, policies, and practices that allegedly violated her Fourth Amendment and Fourteenth Amendment rights….  Moore's list contains 'no allegations of underlying facts.' [Citation].  Therefore, Moore has failed to meet the Monell pleading standard.").

     Additionally, it is well settled that allegations regarding an *isolated incident* are insufficient to support Plaintiff's purported "policy and custom" claim.  See, Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by Bull v. City & County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish custom."); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").  Indeed, municipal liability claims must be supported by a record of numerous, similar incidents.  Sloman v. City of Simi Valley, 21 F.3d 1462, 1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); Meehan v. Los Angeles County, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable Monell custom); Davis v. Ellensburg, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful Monell policy); Davis, supra, 2014 WL 2859189, at *10 (dismissing Monell claims and noting plaintiffs allegations contained "no facts…concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly. [Citation].") (emphasis original); A. B., supra, 2019 WL 1578380, at *4 ("In the

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

FAC, Plaintiffs allege that Defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that Defendants violated Plaintiffs' rights as a result of those policies, and that Plaintiffs were injured as a result. [Citation]. However, Plaintiffs do not allege any specific facts showing that Defendants had an ongoing policy or practice that resulted in **widespread violations** of constitutional rights. Plaintiff does not point to **any further alleged incidents** of Fourth Amendment excessive force, unreasonable seizure, or unlawful search other than the July 21, 2017 incident that gave rise to this action. Plaintiffs 'bare assertion' that Defendants have an ongoing unlawful policy or practice, without more, does not suffice to state a claim for relief. [Citation]. Accordingly, Defendants' Motion to Dismiss Plaintiffs' fourth claim is GRANTED WITH PREJUDICE.") (emphasis added). Because factual allegations of similar incidents are completely absent from Plaintiff's Third Cause of Action, dismissal is appropriate. See, Fed. R. Civ. Proc. 12(b)(6).

Based on the foregoing, Defendants request that Plaintiff agree to voluntarily amend her pleading to cure the deficiencies cited herein, or otherwise face a Motion to Dismiss. See, Fed. R. Civ. Proc. 12(b)(6).

### G. Plaintiff Olga's Fifth Cause of Action Fails to State a Claim for Relief

Plaintiff Olga purports to sue "All Defendants" for alleged "Wrongful Death/Survival Based on Negligence (Including Negligent Tactics)," and attempts to do so both as Decedent's statutory heir and successor in interest. (See, Complaint for Damages, 19:15-18). She does not have standing as a successor in interest (see, Section I.C., supra), meaning she may proceed only in her individual capacity.

To move forward on this claim against any of the defendants, Plaintiff is required to plead a statutory basis that authorizes suit against them. See, Searcy, supra, 177 Cal.App.3d at 802; D.K. ex rel. G.M., supra, 667 F.Supp.2d at 1198 (citing Searcy with approval and dismissing plaintiffs' state law claim for failure to identify an authorizing statute). She has not done so. Review of this cause of action confirms that Plaintiff does not identify any statute that permits the type of claim against governmental defendants like the individual deputies, the County, or the Sheriff's Department.[5] "[D]isregard of statutes is fatal to a plaintiff's claim of public liability," and subjects Plaintiff's claims to a Motion to Dismiss. See, Ramsey, supra, 220 Cal.App.3d at 1541; Allyson v. Department of Transportation, 53 Cal.App.4th 1304, 1313 (1997) (after passage of the California Tort Claims Act, "there is no question but that government tort liability is wholly statutory.").

"Duty cannot be alleged simply by stating, 'defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact." Searcy, supra, 177 Cal.App.3d at 802. Plaintiff's empty assertions that the defendant deputies "had a duty to Decedent LUIS HERMOSILLO and Plaintiffs" are therefore meaningless. (See, Complaint for Damages, ¶¶ 67, 68). Nor is it good enough for Plaintiff to cite to things like "California

---

[5] Again, the Sheriff's Department is not a proper defendant. (See, Section I.A., supra).

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

Peace Officers Standard Training, national standards for use of force and [the deputies] own police departments' training mandated for tactical firearms training"; "accepted national standards"; or "OCSD Policies and Procedures manual and training including in regards to use of force and the use of deadly force…." (See, Complaint for Damages, ¶¶ 67, 68). By rule, Departmental policies and manuals do not form the basis for the applicable standard of care, and departmental policies, and P.O.S.T. guidelines cannot serve as the basis for a state tort (or, for that matter, civil rights claims). Under substantive California law, deviation from departmental policy directives or regulations "can only serve as a basis for administrative action. They cannot create a duty to individual citizens." Lehto v. City of Oxnard, 171 Cal.App.3d 285, 294-295 (1985).

With no statutory duty stated, this Cause of Action is subject to dismissal. See, Fed. R. Civ. Proc. 12(b)(6).

### H. Plaintiff Olga's Sixth Cause of Action Fails to State a Claim for Relief

Plaintiff Olga purports to sue the individual defendants for "Negligent Infliction of Emotional Distress" ("NIED"). (See, Complaint for Damages, 21:21-23). As discussed in Section I.B.ii., supra, NIED is not a cognizable claim in California, let alone one statutorily authorized as a basis for suit against public employees. See, Gu, supra, 132 Cal.App.4th at 204 ("[T]he California Supreme Court has emphasized that '***there is no independent tort of negligent infliction of emotional distress***.'") (emphasis added); Potter, supra, 6 Cal. 4th at 984 ("[T]here is no independent tort of negligent infliction of emotional distress. The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element.") (internal citation omitted); Christensen, supra, 54 Cal. 3d at 884 ("Negligent infliction of emotional distress is not an independent tort…."); see also, Marlene F., supra, 48 Cal.3d at 588 ("[The] negligent causing of emotional distress is not an independent tort but the tort of negligence….") (quoting 6 Witkin, Summary of Cal. Law, Torts, § 838, p. 195 (9th ed. 1988)); Slaughter, supra, 162 Cal.App.3d at 1242 ("Negligent Infliction of Emotional Distress" is not a stand-alone cause of action, but is instead "a variation of the tort of negligence.").

Plaintiff Olga does not say anything in the Complaint to overcome these settled principles. The claim is therefore properly subject to a Motion to Dismiss. See, Fed. R. Civ. Proc. 12(b)(6).

### I. Plaintiff Olga's Seventh Cause of Action Fails to State a Claim for Relief

Plaintiffs level their "Bane Act" claim on behalf of "All Plaintiffs" against "All Defendants." Plaintiff Xavier's claim fails for the reasons discussed in Section I.B.iii., supra. Plaintiff Olga's attempt to proceed on this cause of action fails for similar reasons.

First, Plaintiff Olga does not make a single factual allegation that any defendant interfered with any of *her rights* by "threat, intimidation, or coercion." (See generally,

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

Complaint for Damages, 23:5-24:16).  Instead, Plaintiff's allegations focus exclusively on Decedent Luis Hermosillo being subjected to alleged "excessive force," and alleged violation of "LUIS HERMOSILLO'S civil rights as protected by section 52.1 of the Civil Code."  (See, Complaint for Damages, 23:23-24:2, 24:10-11).  As Plaintiff Olga (like Xavier) has not alleged *facts* concerning *her rights* being infringed upon by "threat, intimidation, or coercion," along with the requisite "specific intent," her cause of action is insufficiently pled against all governmental defendants and must be dismissed.  See, Bay Area, supra, 38 Cal.App.4th at 144 ("[The Bane Act] is limited to plaintiffs who themselves have been the subject of violence or threats."); Bresaz, supra, 136 F.Supp.3d at 1137 ("[A] party lacks standing to bring a claim under the Bane Act when the party does not claim to have *personally suffered* a violation of a constitutional or statutory right.") (emphasis original); Reese, supra, 888 F.3d at 1045 (recognizing a Bane Act claim under Civil Code § 52.1 must include allegations of "specific intent" that the defendants "intended not only the force, but [also] its unreasonableness."); A. B., supra, 2019 WL 1578380, at *5 (granting Rule 1b(b)(6) motion to dismiss where plaintiffs "do not allege that Defendants acted with a specific intent to use unreasonable force against Decedent, or to violate his constitutional rights."); accord Searcy, supra, 177 Cal.App.3d at 802 ("[In order] to state a cause of action [for government tort liability], *every fact* essential to the existence of a statutory liability *must be pleaded with particularity*….") (emphasis added).

Secondly, Plaintiff Olga cannot pursue this cause of action under any state law "wrongful death" theory, as "[t]he Bane Act is simply not a wrongful death provision." See, Bay Area, supra, 38 Cal.App.4th at 144.

Without any facts sufficient to allege a violation of her own rights, and a "wrongful death" theory categorically unavailable, Plaintiff Olga's only conceivable standing for this claim is as a successor in interest to Decedent.  But, as discussed in Section I.C., fn. 3, supra, even if Plaintiff Olga did wish to proceed in this capacity, she has not satisfied the statutory requirements for doing so.

Based on the foregoing, Defendants request that Plaintiff voluntarily amend the Complaint to omit this faulty cause of action, or otherwise face a Motion to Dismiss. See, Fed. R. Civ. Proc. 12(b)(6).

## II.    Motion for More Definite Statement (*Fed. R. Civ. Proc.* 12(e))

At the beginning of each cause of action, Plaintiffs attempt to "re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein."  (See, Complaint for Damages, ¶¶28, 37, 46, 59, 66, 72, 78).  By the beginning of the Seventh Cause of Action, Plaintiffs have "re-allege[d] and incorporate[d]" seventy-seven paragraphs of text spanning twenty-two pages that reference seven state and federal causes of action (each of which has its own pleading standards to be satisfied, and all of which raise doubt as to who Plaintiff attempts to sue and for what).

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

This type of "chain letter" and shotgun pleading style by which "each and every" allegation of "each and every" preceding paragraph is "incorporated" into each new claim is improper.  Indeed, it needlessly violates the rules that require a complaint to clearly set forth who is suing whom, for what relief, and on what theory, and with enough detail to guide discovery.  See, McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996); Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996) (affirming grant of Rule 12(e) motion where "complaint [was] a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

In such circumstances, defendants cannot intelligently determine the nature of the allegations s/he/it faces, and a Fed. R. Civ. Proc. 12(e) Motion for More Definite Statement lies.  See, Mason v. County of Orange, 251 F.R.D. 562, 563-564 (C.D. Cal. 2008) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); Salazar v. County of Orange, 564 Fed. Appx. 322, 322 (9th Cir. 2014) ("As the district court correctly held, a fatal flaw in Plaintiff's Third Amended Complaint was that it 'impermissibly lump[ed] together claims and defendants.' This left 'Defendants guessing [which] claim [wa]s brought against them.'"); Rendon, supra, 2019 WL 4284521, at *2 ("'As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegation.'") (internal citations omitted); McHenry, supra, 84 F. 3d at 1176 (affirming dismissal where "no attempt is made to match up the specific factual allegations and the specific legal claims to a specific defendant."); Anderson, supra, 77 F.3d at 366-67 (rejecting a plaintiff's "reincorporation" complaint as impermissibly confusing under Fed. R. Civ. Proc. 12(e)); Rodrigues, supra, 2020 WL 3396619, at *3 (citing Anderson with approval and granting Rule 12(e) motion where complaint "adopts the allegations of all preceding claims" and plaintiff "fails to incorporate only those paragraphs which apply to each claim, the most egregious example of which is the final claim, incorporating and re-alleging eighty four paragraphs that reference nine causes of action."); Moore, supra, 2017 WL 10518114, at *2-3 (granting Rule 12(e) motion where plaintiff's complaint deemed "an improper shotgun pleading because it realleges and incorporates all prior allegations into each succeeding cause of action."); see also, Van Dyke Ford, Inc. v. Ford Motor Co., 399 F.Supp. 277, 284 (E.D. Wisc. 1975) (plaintiff in multi-defendant case ordered to state who each of his claims is targeted against); accord Phillips and Stevenson, Cal. Prac. Guide: Fed. Civil Proc. Before Trial (The Rutter Group 2020), ¶ 9:354 (Fed. R. Civ. Proc. 12(e) implicated where "ambiguity arises in determining the nature of the claim or the parties against whom the claim is made.").

Plaintiffs' efforts to "re-allege and incorporate" the many allegations of their Complaint are foreclosed by the above authorities.  If this were not reason enough to withdraw the pleading and start over, there are other areas of the Complaint that raise questions as to who is intending to sue whom and over what conduct.  For example, the

18

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

"Assault and Battery" cause of action is titled such that one would believe it is pursued by only Plaintiff Olga Hermosillo.  (See, Complaint for Damages, 17:10-12).  But tucked within the text of this claim are repeated references to "Xavier Hermosillo" as a plaintiff.  (See, Complaint for Damages, ¶¶ 64, 65).  A similar problem arises in the Sixth Cause of Action for "NIED," where the title suggests it is brought against the individual defendants (see, Complaint for Damages, 21:21-23), but the text includes allegations against "Defendants COUNTY OF ORANGE [and] OCSD…."  (See, Complaint for Damages, 22:7-10).   The end result is the type of confusion in the pleading that fails to satisfy Rule 8's "short and plain statement" requirement.  See, Rodrigues, supra, 2020 WL 3396619, at *2 ("'[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citing Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005)); see also, In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541 (9th Cir.1994) (emphasizing that "[a] complaint is not a puzzle…and we are loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint."); accord Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995) (courts must protect a civil "defendant's inalienable right to know in advance the nature of the cause of action being asserted against him.").

Based on the current drafting of the Complaint, Defendants invite Plaintiffs to voluntarily amend the pleading to cure the above-described deficiencies, or otherwise face a Rule 12(e) Motion for More Definite Statement.

## III.   Motion to Strike (*Fed. R. Civ. Proc.* 12(f))

By rule, a court may strike from a pleading any material that is "redundant," "immaterial," or "impertinent."  See, Fed. R. Civ. Proc. 12(f).  The essential function of a Rule 12(f) Motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994); see, California ex. Rel. State Lands Com. v. United States, 512 F.Supp. 36, 38 (N.D.Cal. 1981) (a "motion to strike will be well taken" where the motion "may have the effect of…streamlining the ultimate resolution of the action.").

Here, there are several paragraphs and allegations that invite a righteous Rule 12(f) Motion to Strike.

### A.   Damages Allegations

At various times and places within the Complaint, Plaintiffs assert entitlement to damages that simply are not available under their purported theories of recovery.

i.   First Cause of Action – Violation of Civil Rights (42 U.S.C. § 1983)

Plaintiff Olga's problematic damages allegations lie within Paragraphs 34, 35,

19

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

and 36 of the Complaint.  At Paragraph 34, Plaintiff seeks damages in a "survivorship" capacity for "pain suffering, anxiety, fear of impending death and severe emotional distress that Decedent LUIS HERMOSILLO suffered before his death…." (See, Complaint for Damages, ¶ 34, 10:18-21).  Plaintiff lacks standing to pursue these damages.  (See, Section I.C., supra).  Standing aside, these alleged damages are not available in a "survivorship" action.  By rule, a successor in interest in a survival action may only recover "the loss or damage that the decedent sustained or incurred before death…."  Code of Civil Procedure § 377.34.  Expressly prohibited from recovery are "damages for pain, suffering, or disfigurement" or "emotional distress."  Id.; see, Mega Life and Health Ins. Co. v. Superior Court, 172 Cal.App.4th 1522, 1528 (2009) ("[I]n an action brought on behalf of a deceased plaintiff, as a rule, all appropriate damages may be recovered—but damages for pain and suffering may not."); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1051 (9th Cir. 2009) (interpreting and applying California law and stating, "Section 377.34 does not permit recovery for emotional distress upon the death of the person allegedly harmed....").

Plaintiff also seeks to recover impermissible "loss of value of life" damages in Paragraph 34.  (See, Complaint for Damages, ¶ 35, 10:21-24).  A claim for the damages styled by Plaintiff improperly departs from the Supreme Court's requirement that Section 1983 damages be limited to compensation for injuries ***actually experienced*** by the injured party.  See, Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 (1986) ("[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts."); Prosser, Wade and Schwartz, Cases and Materials on Torts, p. 535 (10th ed. 2000) (tort law has long required that the plaintiff have a "cognitive awareness" of his or her loss to ensure that s/he receives compensation only for the injuries s/he actually suffered).  Here, there are no facts alleged suggesting Decedent was damaged by a cognitive awareness of his loss of life.  And exercising common sense, there cannot be.  Accordingly, these immaterial damages claims must be stricken.

Sticking with Paragraph 34, Plaintiff Olga alleges she "seeks damages for funeral and burial expenses of Decedent LUIS HERMOSILLO in a sum to be determined according to proof."  (See, Complaint for Damages, ¶ 34, 10:25-26).  These damages are not available to her in any capacity on this cause of action.  If viewed through a "survivorship" lens, then these damages are foreclosed by the rule that the damages recoverable by a "successor in interest" are "limited to the loss or damage that the decedent sustained or incurred **before death**…."  See, Code of Civil Procedure § 377.34 (emphasis added).  Plaintiff cannot argue in good faith that Decedent was entitled to his "funeral and burial expenses" before dying.  As such, she cannot recover them as a "successor-in-interest."  She likewise cannot recover them on any "wrongful death" theory, as Section 1983 does not permit for "wrongful death" actions.  See, Herd, supra, 311 F.Supp.3d at 1165; Hernandez, supra, 2020 WL 3101041, at *3; A. B., supra, 2019 WL 1578380, at *6.

20

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

Turning to Paragraph 35, Plaintiff Olga purports to seek various damages outlined in subparagraphs a), b), and c). (See, Complaint for Damages, ¶ 35, 10:27-11:12). She claims that each of these damages run to her *personally*. (See, Complaint for Damages, 10:27-11:12) ("Decedent LUIS HERMOSILLO died and Plaintiff OLGA HERMOSILLO QUINONES has sustained and incurred, and is certain in the future to sustain and incur losses, injuries, and damages which are itemized as follows:…"). Her ability to recover such damages could only extend from a "wrongful death" claim, and no such action is available to her under Section 1983. See, Herd, supra, 311 F.Supp.3d at 1165; Hernandez, supra, 2020 WL 3101041, at *3; A. B., supra, 2019 WL 1578380, at *6. Each and every category of damages sought in subparagraphs a), b), and c) of Paragraph 35 is therefore not recoverable and, in turn, immaterial to the claim. Plaintiff should therefore voluntarily amend to omit these allegations.

Several of Plaintiff's damages allegations in Paragraph 36 fail as a matter of law for reasons discussed herein. At subparagraph b) of Paragraph 36, Plaintiff Olga requests damages for Decedent's "pain, suffering, and emotional trauma." (See, Complaint for Damages, 11:21-22). But as set forth above, even if Plaintiff Olga had standing to make a "survivorship" claim (she does not), these damages are not recoverable. See, Code of Civil Procedure § 377.34; see also, Mega Life, supra, 172 Cal.App.4th at 1528; Martin, supra, 560 F.3d at 1051. Her attempt to simultaneously seek damages personal to herself in subparagraph d) is also faulty, as this cause of action is personal to Decedent—*not* Plaintiff Olga. See, Herd, supra, 311 F.Supp.3d at 1165; Whitmore v. Arkansas, 495 U.S. 149, 160 (1990); see also, Alderman, supra, 394 U.S. at 174 ("Fourth Amendment rights are personal rights which…may not be vicariously asserted."); Smith v. City of Fontana, 818 F.2d 1417 (9th Cir. 1987), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (same).

        ii.    Second Cause of Action – Violation of Substantive Due Process (42 U.S.C. § 1983)

In the Second Cause of Action for alleged "Violation of Due Process," Plaintiff alleges "Decedent LUIS HERMOSILLO experienced pain, suffering, anxiety, fear of impending death and extreme emotional distress…." (See, Complaint for Damages, ¶ 42, 13:10-13). This allegation, however, is immaterial, as the claim at issue (interference with familial relationship) is personal to Plaintiff Olga. What Decedent may or may not have "experienced" in the moments immediately before passing has no bearing on what Plaintiff may or may not recover—the only operative fact is that he passed. This allegation is therefore subject to a Motion to Strike. See, Fed. R. Civ. Proc. 12(f).

Separately, Plaintiff's allegation that she "suffered emotional distress, mental anguish, and pain" is immaterial and must be stricken. (See, Complaint for Damages, ¶ 43, 13:18-20). Plaintiff Olga may not recover for any such injury or damages under the Fourteenth Amendment. See, Chaudry v. City of Los Angeles, 2014 WL 12558777, at

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

*2-3 (C.D. Cal. 2014) (on a Fourteenth Amendment claim, a plaintiff cannot recover damages for "grief, sorrow, or mental anguish").

      iii.   <u>Fifth Cause of Action</u> – Wrongful Death/Survivorship Based on Negligence

In Paragraph 71, Plaintiff Olga alleges an entitlement to "punitive damages" against individual defendants Deputy Renzi, Deputy Faour, and Deputy Kocher.  But the damages claim is directly undercut by the liability theory on which this cause of action is predicated: negligence.  How can these defendants be charged as acting "negligently" on the one hand, while simultaneously being accused of "malicious, willful, oppressive and despicable conduct" carried out with a "conscious disregard" and "specific intent to injure and kill," on the other?

As stated by the California Supreme Court:

> Negligence is an unintentional tort, a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm. A negligent person has **no desire** to cause the harm that results from his carelessness, and he must be distinguished from a person guilty of willful misconduct, such as assault and battery, who **intends** to cause harm. If conduct is negligent, it is **not** willful; if it is willful, it is **not** negligent.

<u>Donnelly v. S. Pac. Co.</u>, 18 Cal.2d 863, 869 (1941) (internal citations omitted) (emphasis added); <u>see</u>, <u>Mendez v. County of Alameda</u>, 2005 WL 3157516, at *12 (N. D. Cal. 2005) ("It is a non sequitur to speak of parties intentionally agreeing to fail to exercise due care.").

In short, Plaintiff's alleged "punitive damages" within this cause of action are premised on a legal impossibility.  Defendants simply cannot be intentionally negligent. Accordingly, for this reason, Plaintiff's defective "punitive damages" claim should be stricken from this cause of action.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(f).

      iv.   <u>Prayer for Relief</u>

Plaintiffs' "Prayer for Relief" contains several damages allegations vulnerable to a Motion to Strike.  (<u>See</u>, Complaint for Damages, 24:17-25:6).  Initially, Plaintiffs' prayer for "survival damages" at subparagraph 1 fails, as no plaintiff has established standing to recover in any "survivorship" capacity.  (<u>See</u>, Sections I.B. and I.C., <u>supra</u>).  Plaintiffs' claim for "severe emotional distress, anxiety, [and] fear" in subparagraph 4 is also impermissible.  These damages are not available under any "survivorship" theory; they are not available under any "wrongful death" theory; and Plaintiffs have failed to otherwise state a valid claim for relief whereby these damages may run to them

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq
Re: *Olga Hermosillo, et al. v. County of Orange, et al.*
July 30, 2020

personally.  (See, Sections I.B., I.C., I.H., <u>supra</u>).  Finally, Plaintiffs' claims for "prejudgment interest" in subparagraphs 7 and 8 of the Prayer are not allowable against these governmental defendants.  <u>See</u>, California Civil Code § 3291 ("This section shall not apply to a public entity, or to a public employee for an act or omission within the scope of employment, and neither the public entity nor the public employee shall be liable, directly or indirectly, to any person for any interest imposed by this section.").

## B.  <u>References to the "Fourteenth Amendment" in the First Cause of Action</u>

Plaintiff Olga's First Cause of Action appears to be premised on an alleged violation of the Fourth Amendment.  (<u>See</u>, Complaint for Damages, 9:1-11:25).  Complaint ¶ 25).  This makes sense, as all claims of "excessive force" are to be analyzed under the "reasonableness" standard of the Fourth Amendment.  <u>See</u>, <u>Graham</u>, <u>supra</u>, 490 U.S. at 396.  Given that Plaintiff's claim has a textual root in the Fourth Amendment, her multiple references to an alleged violation of the "Fourteenth Amendment" (<u>see</u>, Complaint for Damages, 9:7-8, 9:16-17, 11:17, 11:19-20) are immaterial and must be stricken.  <u>See</u>, <u>Hufford</u>, 249 F.3d at 1151; <u>see also</u>, <u>Albright</u>, 510 U.S. at 273; <u>Graham</u>, <u>supra</u>, 490 U.S. at 395; <u>Eberle</u>, 901 F.2d at 820.

## IV.  <u>Conclusion</u>

By rule, Defendants' response to Plaintiffs' Complaint must be filed within seven days after Defendants' Notice of Removal is filed.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 81(c)(2)(C).  We calculate the response deadline to be Thursday, August 6, 2020.  Between now and then, we are available to discuss any and all of the issues raised herein, and we invite you to reach out should you wish to do so.

If you require additional time to consider the points discussed above, please let us know so that we can arrange for an extension of time for Defendants to respond to the initial complaint.  Local Rule 8-3 permits us to accomplish such an arrangement by way of stipulation, and we will work with you to execute and file the appropriate stipulation if needed.

Thank you for your anticipated attention to the foregoing.

*Very truly yours*,

**JESSE K. COX**

JKC/dm
cc:   Norman J. Watkins, Esq.
      S. Frank Harrell, Esq.
      Marlena R. Mlynarska, Esq.
4818-5434-8997, v. 1

23